TUNICA COUNTY *v.* SIMPSON TATE ET AL.

1. ASSESSMENTS. *Appeals. Board of supervisors. Code* 1892, § 80.

After the execution of an appeal bond under code 1892, § 80, an appeal by a taxpayer to the circuit court from the judgment of the board of supervisors approving an additional assessment made by the tax collector, is not subject to dismissal for failure to pay or tender the taxes.

2. SAME. *Code* 1892, § 3797. *No supersedeas.*

An appeal to the circuit court by a taxpayer from the judgment of the board of supervisors approving an assessment, does not, under code 1892, § 3797, providing for such appeal, supersede or delay the collection of taxes.

3. SAME. *Fixtures. Realty. Personalty. Rolls.*

An additional assessment of a cottonseed oil mill, giving description of the land on which it is located, made by the collector, is not

void because the mill, a fixture, is returned as personalty. The law taxes the property, and is not to be defeated by its being put on one assessment roll rather than the other.

4. Same. *Constitutional law.* Code 1892, §§ 3799, 3804.

Code 1892, §§ 3799, 3804, one section authorizing the board of supervisors to increase assessments to cover improvements placed on land and the other empowering the tax collector to make additional assessments, are constitutional.

From the circuit court of Tunica county.

Hon. Frank E. Larkin, Judge.

Tate and another, appellees, were the plaintiffs in the court below; Tunica county was defendant there. The facts in reference to the additional assessment involved are stated in the opinion of the court. The board of supervisors approved the assessment over the objection of appellees, who thereupon appealed to the circuit court. Upon trial in the circuit court, the action of the supervisors was reversed and vacated and judgment entered for appellees, and from that judgment the county appealed to the supreme court.

*Monroe McClurg*, attorney-general, for appellant.

*Anderson* v. *Ingersoll*, 62 Miss., 73, supports the contention of the board in the case at bar. *Simmons* v. *Scott County*, 68 Miss., 37, is authority for the action of the board at its May meeting.

Sections 80 and 3797, code 1892, must both be given effect. Section 80 is general on the subject of appeals, while § 3797 is special as to this particular matter, and must control. Therefore the motion made on the part of the county, to the effect that the appeal should not be considered until the taxes were paid, was proper, and should have been sustained.

The objection to the action of the board of supervisors in levying a tax upon the oil mill is too technical. It is not a substantial defense to say that the board regarded it as personal property, when, in fact, it was a fixture to the freehold, hence,

real estate.   The evident purpose of the board was to obtain taxes upon the value of the property, and the court will look to the substance rather than the form.

Judicial knowledge will be taken of the general assessment of real and personal property as required by law, and that the assessment of personalty is annual and that of land is quadrennial; that the land assessment years were 1896 and 1900.   The record shows that the oil mill was placed upon the land in 1897, after the assessment of 1896.   It follows that for the years 1898, 1899 and 1900, the value of the oil mills should be taxed, and it is not technically essential that any certain particular procedure should be adopted by which it must be assessed as a fixture and part of the freehold, or escape taxation entirely. It will be noted that the land upon which the mill stands was particularly described and the value of the mill fixed; therefore, the purpose of the board to get the proper tax, either upon the value of the oil mill as personalty, or upon the increased value of land, is made clear.   The ordinary rules applicable to questions of fixtures in controversies between vendor and vendee, do not apply in matters of levying taxes.   The general rule as to taxation is the payment of taxes; exemption upon any ground is the exception, and the burden is upon him who claims the exemption.   Here the contention is not that the land was assessed at its true value, including the mill, but that it had been lawfully assessed in 1896 at its value then, and no particular procedure followed to equalize that assessment.   In short, the proposition is whether the assessment has been placed upon the right roll.   The sheriff and the board of supervisors and the assessors of 1900, put it on the personal roll.   It is not necessary to the validity of additional assessments made by the board that they should be entered on the roll, either land or personal.   The collection is from the minutes of the board, rather than from any roll.   Sec. 3799, code of 1892.   There is no merit in the claim that the procedure was unconstitutional

or that the failure to raise the assessment in 1898 and 1899 was conclusive.

*F. A. Montgomery, Jr.*, for appellees.

The additional assessment was void, and the act of the circuit court was correct for two reasons:

1. Because the tax collector has no right, in any event, to make an additional assessment of property which had escaped taxation for former years. That is the duty of the assessor and not of the collector. Under § 3768 of the code of 1892 it is made the duty of the assessor, when he discovers persons or property that have escaped taxation for former years, to assess the same on the roll of the current year; § 3800 authorizes the assessor, after he has returned his roll, to add to it any person or thing at any time before action on it by the board.

Section 3804 authorizes and directs the tax collector to assess and collect taxes on land liable to taxation left unassessed by the assessor, and on land that has become liable to taxation since the last assessment, and such other persons and personal property as he may find unassessed by the assessor, but nowhere is the tax collector charged with the duty or given the authority to assess persons or property, either real or personal, which has escaped taxation for former years, which authority is distinctly vested in the assessor, and in him alone, by § 3768, and it has been expressly decided by this court that it is the assessor, and not the tax collector, whose authority it is to assess taxes on persons and property which have escaped taxation for former years. *State* v. *Simmons*, 70 Miss., 485.

2. The oil mill attempted to be additionally assessed was not assessable as personal property, being a fixture and part of the land on which it was erected, and could not be assessed separately from the land, and the land had already been assessed, and paid on, and the failure of the board of supervisors in the years 1898 and 1899 to raise the valuation of the land, on ac-

count of the fact that the oil mill had been erected thereon, is final and conclusive between the parties, and there is no further recourse on the appellees herein in this matter.

It is unnecessary to go further than the case just cited (*State v. Simmons*, 70 Miss., 485) for authority on the proposition that values once fixed by the conjoint action of the citizen and the constituted authorities cannot again be made subject of controversy, but are definitely and conclusively fixed by the final action upon the assessment roll according to law. The statute undertaking to authorize the board of supervisors to raise assessments of land to cover improvements and to empower the tax collector to make assessments, are unconstitutional and void.

CALHOON, J., delivered the opinion of the court.

At the general land assessment in 1896 the appellees were assessed upon a piece of their land placed at a valuation of $480. In 1897 they put on it a valuable oil mill and machinery, which escaped taxation for the years 1898 and 1899. On May 5, 1900, the sheriff and tax collector reported it as an additional assessment for 1898 and 1899, as follows: "One cottonseed oil mill, of the value of $20,000, situated on south half of section 10, township 4, range 11 west," and the board of supervisors charged the sheriff and tax collector up with the taxes on it accordingly. The Messrs. Tate appealed to the circuit court. That court overruled the motion of the county to dismiss the appeal, which motion was based on the ground that the taxes due had to be paid or tendered by the Messrs. Tate. This ruling was correct. They had given bond in double the amount of all the taxes, under code 1892, § 80, and, by code 1892, § 3797, an appeal does not supersede or delay collection.

The contention that the proceeding of the board is void because the tax collector gave in the oil mill as personalty, when it was fixed to the land, and, therefore, part of it, is untenable. It is, in the first place, too narrow a construction of the return,

which describes the land and the mill as being upon it, and, secondly, the law is after taxing the thing, and is not to be defeated by its being put on one roll instead of another. Rolls are mere matters of convenience. But, if this were not true, there is no indication of what roll it should go on, and, if it be vital, it must be presumed it will be put where it ought to be.

On the main question, as to the validity or invalidity of the judgment of the board, a complete solution is to be found in code 1892, § 3799, which authorizes that tribunal, at any time, to change the assessment to cover improvements on land, and same code, § 3804, authorizing the tax collector to make additional assessments. Land assessments occur but once every four years, and the property under discussion had escaped taxation for two of these four years.

It is too late to dispute the constitutionality of the act of the board or the collector. Such emergency statutes have existed for more than fifty years. Two constitutions have been made during their existence without rebuking them, and the courts have never annulled them. It is only necessary to read the very able opinion of Judge Cooper in *State* v. *Tonella,* 70 Miss., 711, 712, to be satisfied on this question. See, also, *Cato* v. *Gordon,* 63 Miss., 322.

*Reversed and remanded.*