WILLIAM H. POWELL *v.* SAMUEL T. McKEE, TAX COLLECTOR.

1. ASSESSMENTS. *Personal property. Unknown owner. Code* 1892, §§ 3746, 3747.

   An assessment of personal property to an unknown owner is valid, under code 1892, § 3746, making taxes a charge on the real or personal property assessed, and code 1892, § 3747, making a tax on personal property a debt due by the owner of the property.

2. SAME. *Solvent credits.*

   Solvent credits are taxable and should be assessed for taxation, if the owner cannot be ascertained, to an unknown owner, and may be sold for the payment of the tax.

3. CONSTITUTIONAL LAW. *Code* 1892, § 3804.

   Code 1892, § 3804, authorizing the tax collector to assess such persons and personal property as he may find unassessed by the assessor, is constitutional.

FROM the chancery court of Madison county.
HON. HENRY C. CONN, Chancellor.

Powell, appellant, was complainant in the court below; Mc-Kee, tax collector, appellee, was defendant there.

A number of persons loaned money in Madison county, Mississippi, and, forgetting that "the best laid schemes o' mice and men gang aft a gle," took notes payable to "bearer," and deeds of trust to secure same, which in no way identified the owners of the notes, naming Powell, appellant, as trustee. In 1901, the assessor of the county assessed the notes for taxes as "unknown solvent credits to unknown owner." In March, 1902, appellee, collector, assuming that the said assessment made by the assessor was void for uncertainty of description, and acting under provision of § 3804, code 1892, assessed these same debts by proper description, to "unknown owner." The taxes on the several debts or solvent credits were not paid, and appellee advertised them for sale as delinquent for taxes under the provisions of § 3826 of the code of 1892. Thereupon appellant Powell, trustee, filed his bill in this case, to enjoin the sale, and alleged that the assessments made both by the assessor and the sheriff and tax collector were null and void because made to an unknown owner; that the statute required personal property to be assessed to a person by name; that the tax collector could assess only property that had escaped assessment by the assessor, and in this case the assessor had attempted to assess the very same property in August, 1901; and the bill further claimed that the law authorizing the tax collector in any case to assess, was unconstitutional and void. A demurrer was sustained to this bill, and the bill dismissed. From that decree, complainant appealed to the supreme court.

*W. H. Powell, in propria persona,* and *H. B. Graves,* for appellant.

Solvent credits and money loaned cannot be assessed to unknown owners, but land can be, by virtue of the statute. The common law required land and personalty to be assessed to the true owner by name, and this rule is abrogated by the statute as to land only. Code 1892, § 3746.

Personalty and choses in action must be assessed to a person by name. Code 1892, §§ 3747, 3749, 3751, 3754, 3755, 3757, 3761, 3763, 3767, 3768, 3769, 3770, 3783, 3801, 3804, 3807, 3808, 3826, 3828, 3832, 3836, 3851.

An assessment roll must be had which must show the property taxes and the person who owns. 25 Am. & Eng. Ency. Law (1st ed.), pp. 210, 211 and notes.

The person taxed must be designated on the roll with certainty. *Ib.*, 212, 213, 214 and 216 and notes.

When assessed to unknown owner, it is void unless allowed by statute. *Ib.*, 213.

The legislature has no power to displace the constitutional assessor by another person. *State* v. *Tonella*, 70 Miss., 710.

*J. B. Chrisman*, for appellee.

Two questions are raised: (*a*) Can solvent credits be assessed when the owner is unknown? (*b*) Can a trustee in an ordinary deed of trust, with only a contingent interest in the property about to be sold for taxes, sustain an injunction against the tax collector to prevent the collection of the tax because of some supposed irregularity in the assessment?

Our statutes certainly authorize and require all solvent credits believed to be collectible, etc., to be assessed, although the owner may be unknown.

If the decree dissolving the injunction cannot be affirmed, then indeed have money-lending tax dodgers found a city of refuge, and the man with only "forty acres and a mule" must bear the burden of government.

The complainant, as trustee, has no such interest in the debts as to give him a standing to maintain this suit, unless he be treated as their owner; and, if he be their owner, his hands are not clean and he should be denied relief in a court of conscience. As trustee, indeed, he ought to have given in the debts for taxation, and is in default for not having done so. He cannot set up his own default as the basis of his present complaint.

This court ought not, and will not, sanction a dodge.    The way of the tax dodger should be made hard.

TERRAL, J. delivered the opinion of the court.

The bill in this case proceeds upon the assumption that an assessment of personal property to "unknown owner" is invalid. By § 3726, code 1892, taxes are made a charge on the land or upon the personal property taxed; and a sale of it is declared to be a proceeding against the thing sold, and to vest title in the purchaser, without regard to who may own the property when assessed or sold, or whether wrongfully assessed.    By § 3747 a tax upon personal property is made a debt due by the person owning the property, when assessed, whether properly assessed or not, and this is entirely in harmony with the preceding section, which makes the tax a charge upon the thing taxable, whether rightfully or wrongfully assessed ; and, taking both sections together, it is, we think, a necessary conclusion that personal property may be rightfully assessed to an unknown owner.    Under our laws, we see no reason to doubt that an assessment of personal property to an unknown owner is as effective as a like assessment of real estate.    It is not denied that the solvent credits here assessed are taxable, and in the face of § 3748, which declares that all taxable property held by any person before the 1st day of February shall be assessed, it is insisted they are not assessable because they bear no earmarks of ownership.    A contention that for the same reason they could not be collected by suit at law would be equally sound.    It must be confessed that personalty is usually and almost always assessed to the owner, because the owner is generally known, but there is no incongruity or hardship in assessing it to the unknown owner.    The taxes are due from the property itself, as well as constituting a debt from the owner ; and, if the latter secretes himself, it is but just that the former adjust the demand.

2. It is, in the second place, insisted that the provision of

the code (§ 3804), authorizing the tax collector to assess such persons and personal property as he may find unassessed by the assessor is unconstitutional. Is has been decided, however, several times, that such provision of the code is unobjectional, and we see no reason to question the correctness of the decisions. *Tunica Co.* v. *Tate*, 78 Miss., 294 (29 South., 74); *State* v. *Tonella*, 70 Miss., 710 (14 South., 17; 22 L. R. A., 346).

*Affirmed.*