HARRISON COUNTY *v.* ROBERTSON.

[83 South. 617, In Banc. No. 20904.]

1. TAXATION. *State revenue agent may sue for unpaid taxes.*
   The state revenue agent has the right "to proceed by suit in the proper court for past due and unpaid taxes of any kind."

2. VOLUNTARY PAYMENT OF TAXES TO TAX COLLECTOR AFTER SUIT BROUGHT BY REVENUE AGENT DOES NOT DEFEAT RIGHT OF AGENT TO COMMISSION.
   Voluntary payment of taxes by deliquent taxpayers to the tax collector, instead of to the revenue agent, makes no difference

in the right of the revenue agent to demand his commissions, provided only that the taxes were paid as a result of a demand and litigation instituted by the revenue agent.

3. State Revenue Agent Suing for Delinquent Taxes Pending Appeal From Assessment Has no Right to Commissifns.

Under Code 1906, section 81 (Hemingway's Code, section 61), authorizing appeal from assessments by the board of supervisors, and section 4310, providing that collection of taxes shall not be delayed by appeal, a state revenue agent may not recover commissions for delinquent taxes paid by a bank after suit brought by the agent to compel payment, but before trial, where at the time of such suit an appeal by the bank from the assessment of such tax was pending.

4. Abatement and Revival. *Identical suit cannot be entertained at the same time.*

Two suits should not be entertained at the same time in the same court between the same parties and involving the same demand.

5. Pleading. *Plea which states good defense to action good though not strictly a plea in abatement.*

Although a plea is denominated as a plea in abatement, the court will treat it as good on demurrer, if it states facts which defeat the action, though not strictly a plea in abatement.

Appeal from the circuit court of Harrison county. Hon. C. L. Rushing, Judge.

Suit by Stokes V. Robertson, state revenue agent, against Harrison County. Judgment for plaintiff, and defendant appeals.

The facts are fully stated in the opinion of the court.

*R. C. Coman,* for appellant.

This is a suit brought by Stokes V. Robertson, revenue agent, against Harrison county, to recover from said Harrison county twenty per cent of the amount of the taxes paid to the state and county by the First National Bank of Gulfport for the year 1916, and alleging that he is entitled to same for the reason that he, as said officail instituted suit against the said First National Bank on the 21st day of June

1917, to enforce the payment of said taxes, and alleging
that said taxes were then delinquent and that the said
taxes   were paid after said suit was filed and before
the convening of the court to which the same was re
turnable; the amount of said taxes being five thousand,
three hundred, seventy-three dollars and ninety-seven
cents, and the twenty per cent. thereof claimed by the
revenue agent being one thousand, seventy-four dollars
and seventy-nine cents.

A plea in abatement was filed by Harrison county
to which plea the plaintiff filed a demurrer. I know of
no better way to present the facts to this court than by
setting out in full the plea in abatement filed by the
defendant in the court below, the truth of which plea
is admitted by the demurrer filed therein by the
plaintiff, said plea in abatement being as follows: ''And
the defendant, Harrison county, by its attorneys, comes
and defends the action brought against it by the said
Stokes V. Robertson, the state revenue agent, and says
that before and at the time of the announcement of
the said action by the said plaintiff against this de-
fendant, there was pending and still is pending and
undisposed of, in this court, a suit by the First National
Bank of Gulfport against the board of supervisors of
Harrison county, Mississippi, and the state of Missis-
sippi, said suit being No. 6142 on the docket of the said
circuit court of Harrison county, Mississippi, wherein
the identical subject-matter, to wit; the taxes due
Harrison county Mississippi ,and the state of Missis-
sippi by said First National Bank of Gulfport, for
the year 1916 in the sum of five thousand, three hundred
seventy-three dollars and ninety-seven cents is in con-
troversy, said suit No. 6142 being an appeal by the
said First National Bank of Gulfport from the assess-
ment and judgment of the board of supervisors of
Harrison county assessing and fixing the amount of

taxes due and payable by the said First National Bank
of Gulfport on its. personal property for the year 1916;
and that although the said First. National Bank of
Gulfport did pay and has paid its said taxes for the
year 1916, if said First National Bank of Gulfport
should be successful in its said suit No. 6142 at the trial
thereof, said taxes for the year 1916, paid by said
bank would have to be refunded or an adjustment there-
of made as should be determined and provided by the
judgment of this court in said cause; and that the said
taxes for the year 1916 amounting to five thousand,
three hundred, seventy-three dollars and ninety-seven
cents from the assessment of which by the said board
of supervisors of Harrison county the said First
National Bank of Gulfport has appealed to this court
in cause No. 6142 aforesaid, is the same and identical
assessment and taxes upon which plaintiff now seeks
to recover twenty per cent thereof; and reference is here
made to the file of papers in the said suit No. 6142 and
the same is prayed to be considered a part hereof as ful-
ly as if copied at length herein or attached hereto; and
this the defendant is ready to verify; wherefore the de-
fendant prays judgment of the court that the said
action here begun. be abated until the trial and final
disposition of the aforesaid suit No. 6142.

*R. C. Coman* for Harrison County.

The First National Bank had a legal right to appeal
from the judgment of the board of supervisors assessing
its taxes for the year 1916, and after the appeal of
the said bank from said assessment was perfected, the
bank had a legal right to pay its taxes before a
final disposition of the appeal.

Section 4310, Code of 1906 (section 6946, Heming-
way's Code) provides that "in event said taxes are

paid before the final disposition of the appeal, any money improperly collected, as shown by the judgment shall be refunded by the state and county respectively, if they have received the money," and provides how the same shall be refunded" in that event and the tax collector receiving it shall not have paid it over." This section also provides for the refunding by the state and county of the respective amounts improperly collected. Until the appeal of the said First National Bank from the assessment of its taxes for the year 1916 by the board of supervisors was determined, there was no basis upon which to compute the amount of taxes due by the bank, and the parts of the whole due the state or county. Were we to concede that the bank was delinquent in the payment of its taxes for the year 1916 and that the payment of said taxes was brought about by the suit of the revenue agent against said First National Bank for the collection of said taxes, yet, while the appeal of the said First National Bank from its assessment, upon which said taxes were to be collected, was pending, there was no amount fixed by law upon which the compensation of the revenue agent could be computed. Surely the case at bar should have been abated until said appeal by the First National Bank was determined.

Harrison County might have had other defenses to this action of which it could not avail itself at that time. The judgment rendered by the court is against Harrison county only and the amount of same is twenty per cent of the taxes paid by the First National Bank to the state of Mississippi and Harrison county. If the compensation of the revenue agent is a fixed charge of twenty per cent against the amount collected, I fail to see how judgment could be rendered against Harrison county for the full twenty per cent when the court is bound to take judicial knowledge of the fact

that a substantial part of the taxes paid by the said First National Bank are taxes due the state of Mississippi; again, I say the amount of the taxes to be paid by the bank, and upon which compensation due the revenue agent is to be calculated, could not be determined by the court until the appeal of the said First National Bank from the judgment of the board of supervisors of Harrison county assessing said taxes, was disposed of.

I take it that the plea in abatement hereinbefore copied in full, the truth of which is admitted by demurrer, is both law and argument enough in this case.

*A. J. Ramsey,* for appellee.

The facts will disclose that this case is controlled by the case of *T. C. Garrett* v. *Stokes V. Robertson, State Revenue agent,* recently decided by this court but not yet reported.

As to the plea in abatement, the demurrer was properly sustained. Said plea constituted no defense to said action. Said plea does not anywhere state that the First National Bank had a meritorious case against the county nor set out any facts from which a meritorious case could exist nor facts that would bar the revenue agent of his twenty per cent commission; nor does it set out any facts from which the court could determine if said First National Bank had a meritorious case or would be successful. Further, the plea does not state or allege that any attempt had been made or would be made to dispose of said case and the parties were altogether different from the parties in the instant case.

Besides, judgment in this case was rendered on the 25th day of March, 1919, and the case referred to in said plea of abatement, cause 6142, *First National Bank*

*of Gulfport* v. *Harrison County,* was dismissed by the plaintiff at its cost two days after the date of judgment in this cause, March 27, 1919, as will appear from a certified copy of the judgment of dismissal of said cause 5142 in said circuit court, which is herewith filed and made a part of this brief, being the same case set out in said plea of abatement. The court will notice that the clerk of the circuit court certifies that said cause was dismissed on March 27, 1919. Aside from this, however, there was absolutely nothing in the plea of abatement and the appellee's demurrer thereto was properly sustained.

STEVENS, J., delivered the opinion of the court.

The county of Harrison, appellant herein, was the defendant in this action, instituted by appellee, the state revenue agent, to recover one thousand, seventy-four dollars and seventy-nine cents, commission alleged to be due the revenue agent upon certain taxes paid by the First National Bank of Gulfport. Appellee, as plaintiff, filed his declaration in the circuit court, averring that the said First National Bank was delinquent for its taxes due for the year 1916 in the sum of five thousand, three hundred seventy-three dollars and ninety-seven cents; that on June 21, 1917, plaintiff had filed suit on behalf of the state and county against said bank for the recovery of said taxes; that said bank as a defendant in the suit was duly served with process, and thereafter, on August 23, 1917, and before the circuit court met, said bank paid its taxes to the sheriff of Harrison county and received a tax collector's receipt therefor, and by virtue of these facts the plaintiff was entitled to his said commissions. Appellee filed the following plea, which it styled a plea in abatement, to wit:

"And the defendant, Harrison county, by. its attorney, comes and defends the action brought against it by the said Stokes V. Robertson, state revenue agent, and says that before and at the time of the commencement of the said action by the said plaintiff against this defendant there was pending, and still i's pending and undisposed of, in this court, a suit by the First National Bank of Gulfport against the board of supervisors of Harrison county, Mississippi, the defendant herein, said suit being No. 6142 on the docket of the said circuit court of Harrison county, Mississippi, wherein the identical subject-matter, to wit, the taxes due Harrison county, Mississippi, and the state of Mississippi, by said First National Bank of Gulfport, for the year 1916, in the sum of five thousand, three hundred seventy-three dollars and ninety-seven cents, is in controversy, said suit No. 6142 being an appeal by the said First National Bank of Gulfport from the assessment and judgment of the board of supervisors of Harrison county, assessing and fixing the amount of taxes due and payable by the said First National Bank of Gulfport on its personal property for the year 1916, and that, although the said First National Bank of Gulfport did pay and has paid its said taxes for the year 1916, yet, as provided in section 4310 of the Code of 1906, if said First National Bank of Gulfport should be successful in its said suit No. 6142 at the trial thereof, and taxes for the year 1916, paid by said bank, would have to be refunded, or an adjustment thereof made, as should be determined and provided by the judgment of this court in said cause, and that the said taxes for the year 1916, amounting to five thousand, three hundred seventy-three dollars and ninety-seven cents from the assessment of which by the said board of supervisors of Harrison county the said First National Bank of Gulfport has appealed to this court in cause No. 6142 aforesaid, is the same and identical assessment

and taxes upon which plaintiff now seeks to recover
twenty per cent. thereof, and reference is here made
to the file of papers in the said suit No. 6142, and
the same is prayed to be considered a part hereof as
fully as if copied at length herein or attached hereto,
and this the defendant is ready to verify. Wherefore
the defendant prays judgment of the court that the
said action here begun be abated until the trial and final
disposition of the aforesaid suit No. 6142.''

To this plea appellee interposed a demurrer submit-
ting: "(1) Said plea is insufficient in law.

"(2) The plaintiff in this suit is not a party to the
suit mentioned in the plea. It is shown on face of plea
that the parties therein are different from the parties
to this suit.

"(3)  Said plea states no defense."

The demurrer was sustained, and, the defendant de-
clining to plead further, judgment final was given in
favor of the revenue agent for the full amount of his
said commissions and all costs, and from this judg-
ment the county appeals.

By section 81, Code of 1906 (section 61, Hemingway's
Code), any taxpayer, feeling aggrieved at the assess-
ment by the board of supervisors of his property for
taxes, is given the right to appeal to the circuit court—
"upon giving bond, with sufficient sureties, in double
the amount of the matter in dispute, but never less than
one hundred dollars, payable to the state, and condi-
tioned to perform the judgment of the circuit court."

And on appeal "the controversy shall be tried anew
in the circuit court at the first term, and be a preference
case." The section provides further that, if the tax-
payer wins his appeal, judgment shall be entered in
his favor and certified to the board of supervisors,
and, if he loses his appeal, judgment shall be rendered
on the appeal bond for damages at the rate of ten per
cent. of the amount in controversy and allcosts.

By section 4310, Code of 1906 (section 6944, Heming-way's Code), it is expressly provided that this appeal from an assessment shall not delay the collection of taxes due by the approved assessment, but provision is made whereby any money improperly collected from the taxpayer, as shown by the final judgment of the circuit court, is to be refunded to him by the state and county, respectively. It is further provided that, if the moneys are in the hands of the tax collector, the tax collector shall make proper refund, and finally:

"If the case be decided in favor of the party appealing while the collector is proceeding with the collection of taxes he shall conform his action to the judgment."

In determining the propriety of the court's action in sustaining appellee's demurrer to the defendant's plea, we must, as we view it, determine the further and controlling question as to whether the state revenue agent is entitled to any commissions, under the facts set forth in the pleadings. It is unquestionably true that the state revenue agent has the right "to proceed by suit in the proper court for past-due and unpaid taxes of any kind," as stated by Judge SYKES in *Garrott* v. *Robertson,* 83 So. 177.

It is likewise true that the voluntary payment of taxes by delinquent taxpayers to the tax collector, instead of to the revenue agent, makes no difference in the right of the revenue agent to demand his commissions, provided only that the taxes were paid as a result of a demand and litigation instituted by the revenue agent. It must also be conceded that by section 4310, Code of 1906 an appeal by the taxpayer from the approved assessment does not delay the collection of taxes due on the assessment as finally approved by the board of supervisors. *Tunica County* v. *Tate,* 78 Miss. 294, 29 So. 74.

From the conclusions thus far conceded, the persuasive argument is made that the revenue agent had the

right in this case to sue the First National Bank as a delinquent taxpayer, even though the bank had prosecuted an appeal from the assessment as fixed by the board of supervisors and while this appeal was pending for trial in the circuit court of Harrison county. We believe, however, that there are other and controlling considerations in the case. In the first place, any taxpayer, who is aggrieved at the assessment fixed by the board of supervisors, is by statute expressly given the right of appeal, and this right the First National Bank exercised, as affirmatively shown by the pleadings. In prosecuting this appeal the bank was by statute required to execute a bond in double the amount of taxes involved, and, in event it should lose its appeal, subjected itself to the penalty of ten per cent. and all costs. The bank had the right to a trial *de novo* in the circuit court. There was involved in this appeal, not only the liability of the bank for taxes, but the proper and lawful amount of the assessment. In disposing of such appeal the circuit court would necessarily adjudicate the definite liability of the bank, and ultimately fix the amount of the assessment, and consequently the amount of taxes to be paid. Our statutes thus furnish a statutory provision whereby the courts may review upon their merits the decisions of the assessing officers and boards, and render such judgment as conforms to justice and equality. It is therefore, as between the county and the taxpayer, a suit involving the proper liability for taxes.

What good purpose, therefore, could be accomplished by permitting the state revenue agent, pending the disposition of such appeal, to institute himself another and separate action against the complaining taxpayer for the recovery of taxes, the amount of which must ultimately depend upon the proper amount of the assessment? The right of the revenue agent to prosecute a suit in his own name against a delinquent tax-

payer always depends upon the assumption that no suit is pending by the proper authority involving the same subject-matter. It is elementary that two suits should not be entertained at the same time, in the same court, between the same parties, and involving the same demand. The fact that the revenue agent was not a direct party to the first proceeding, whereby the First National Bank appealed from its assessment, is not a controlling consideration. Section 81 of the Code furnishes a method whereby an aggrieved taxpayer may himself initiate litigation to determine his ultimate liability for taxes. The judgment of the circuit court disposing of his litigation is a final adjudication, binding upon both the taxpayer and the public. It is binding upon the state and the county. It is binding upon the tax collector. This final judgment settles the taxpayer's liability. It fixes the amount of this liability. So much so that the tax collector is by statute required to take notice of the final disposition of the cause and govern his actions accordingly. If the taxpayer is successful, either in whole or in part, and before the trial of his appeal has paid his taxes, the county must make a proper refund, and so likewise must the state. It is significant that the legislature made no provision whereby the revenue agent must refund any commissions. If the recovery in this case is approved, then there is no law by which the revenue agent must refund any part of his commissions. Suppose that the First National Bank in this case had not voluntarily dismissed its appeal, but had won, and judgment final had been entered in its favor, annulling the assessment completely. Then the county would have been required to refund the full amount of taxes which the bank had paid as the county's *pro rata,* and no one would contend that under such circumstances the county should be liable for these commissions. Let us suppose, further, that the appeal prosecuted by the

taxpayer for good cause could not be tried at the first term of the court, and pending its continuance the revenue agent were permitted to sue the said taxpayer, and should force a trial of his case and the entry of a final judgment in his favor before the appeal from the assessment could be tried and disposed of; then, in such case, the adjudication in favor of the state revenue agent would be a final adjudication, and, under the ordinary rules of pleading, the judgment recovered by the revenue agent might be well pleaded as *res adjudicata.*

It is manifest that the two suits involve the same subject-matter and both are essentially between the complaining taxpayer and the public. We are conscious of the fact that the circuit court on appeal from the assessment does not enter judgment *in personam,* as expressly ruled in *Bank* v. *Adams,* 74 Miss. 179, 21 So. 401, and *Ice Co.* v. *Adams,* 75 Miss. 410, 22 So. 944. The following language used by our court in these cases is applicable to the present issue. In the first named case our court, by WOODS, C. J., said:

"In this judgment are two fundamental findings, viz.: (1) That the bank's property was liable to taxation; and (2) that the valuation of the property or the amount of the assessment was sixty thousand dollars."

In the last-named case that portion of the judgment complained of, which was a judgment in *personam* was set aside; but, regardless of this fact, appellant was in this court taxed with all the costs or appeal, because, as stated by Judge WOODS:

"The real question litigated is determined against it—that is . . . because its liability to assessment and taxation is herein declared."

But it does not follow that the bond executed by the bank was not liable for the taxes.

It is argued by counsel for appellee that the plea interposed by the appellant was a plea in abatement, and that this plea did not charge that the First National Bank had any good reason to believe that the assessment would be reversed or reduced, and that the plea does not show any meritorious grounds for the bank's appeal from the assessment. We prefer the view that the bank had the undoubted right under the law to prosecute this appeal by complying with the statute which grants the right, and that no one is to be condemned for the exercise of a legal right. The bank had the lawful right to contest the amount of its assessment. Whether it had good grounds for so doing was a matter to be determined in the circuit court of Harrison county by due process of law.

It is true that appellant styled its plea as one in abatement. We think this is immaterial. The plea stated a good defense to appellee's suit, and the demurrer should have been overruled. This being true, the demurrer will be overruled, the judgment of the learned circuit court reversed, and the cause remanded.

*Reversed and remanded.*

HOLDEN, J., dissents.