ROBERTSON, State Revenue Agent, *v.* HARRISON COUNTY.

[90 South. 8.    No. 22127.]

TAXATION. *State Revenue agent not entitled to commissions for delinquent taxes pending appeal.*

Under Code 1906, section 81 (Hemingway's Code, section 61), authorizing appeal from assessment by board of supervisors, and section 4310, providing that collection of taxes shall not be delayed by the appeal, a state revenue agent may not recover commissions for delinquent taxes paid by a bank after suit brought by agent to compel payment, but before trial, where, at time of such suit, an appeal by bank from assessment of such tax was pending, although it was dismissed before trial of suit brought by agent.

Appeal from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by Stokes V. Robertson, State Revenue Agent, against Harrison county. Judgment of dismissal, and plaintiff appeals. Affirmed.

*Mize & Mize,* for appellant.

This court in its former opinion in this case, then reversed this cause for the reason that the appeal of the First National Bank from the judgment of the board of supervisors of Harrison county assessing it with taxes in the sum of five thousand, three hundred and seventy-three dollars and ninety-seven cents for the year 1916, which appeal was filed on the 29th day of August, 1916, was yet undisposed of. See opinion of the court. 83 So. 617.

Said appeal however, at the March term of the circuit court, 1920, of said county was voluntarily withdrawn by said First National Bank of Gulfport, and plaintiff by his replication at the last trial of this cause, at the March term, 1921, of said circuit court, sets up that said appeal has been so disposed of by the withdrawal of the bank of said appeal at said March term, 1920, of said court. Said withdrawal of its appeal by the bank from said assessment of the board left the bank in the attitude of confessing that said judgment of assessment by the board of supervisors was correct, and further left the bank in the attitude of being delinquent for said taxes for 1916 when the revenue agent filed suit therefor against the bank on July 21, 1917, and therefore when the bank paid its taxes to the sheriff of said county in August, 1917, two months after said suit therefor had been filed by the revenue agent, it was legally a delinquent for said taxes for the year 1916. Certainly, therefore, it was the duty of the revenue agent to bring suit for the collection of said delinquent taxes.

Under the case of *T. C. Garrott* v. *State Revenue Agent*, 83 So. 177, the revenue agent having by his efforts caused

the payment of said bank's taxes for 1916 by said bank he became entitled to his commission therefor. This court, in its former opinion, held that the revenue agent was entitled to his commission if the bank was delinquent at the time the suit was filed and reversed the case solely on the ground that the bank had the right to have its appeal determined before the revenue agent could have his suit determined for his commission.

If the bank had succeeded in its appeal from the assessment of the board of supervisors and such assessment had been declared wrong, the bank would not have owed this tax and therefore the suit by the revenue agent for the tax would have been improperly brought and he would not be entitled to commission, but the bank withdrew its appeal, thereby confessing that the judgment of assessment aforesaid by the board of supervisors was correct, and it was therefore delinquent for said taxes when the suit of the revenue agent to collect same was filed.

Counsel for appellee contended in the court below that the opinion of this court formerly rendered herein held that the revenue agent was not entitled to any commission under any state of facts. We do not so read the opinion. If this had been the holding of the court on the former appeal herein, it would then have reversed and dismissed and entered decree in favor of Harrison county. We read said opinion to hold that this court reversed and remanded the case for the appeal of the bank from the judgment of the board assessing said amount of taxes against the bank to be disposed of before the revenue agent could proceed with his suit for the collection of commission; and now, since said appeal has been disposed of by withdrawal by the bank of said appeal, thus confessing said assessment appealed from to be correct, it places the bank in this attitude; on June 21, 1917, the bank was delinquent for taxes for 1916; there had been a valid assessment against it and the bank had not in June, 1917, paid its taxes under said assessment for 1916, and it was therefore the duty of the revenue agent to bring suit for the collection of said

delinquent taxes. In August, 1917, the bank then proceeded to pay said taxes to the sheriff. The fact that the bank paid said taxes to the sheriff did not bar the revenue agent from his commission. The opinion of this court formerly rendered herein recognizes that doctrine.

Further, the replication of plaintiff at the last trial of this case sets up that, at the time the appeal was taken by the bank from the assessment of the board of supervisors, to-wit: in August, 1916, the board of supervisors representing Harrison county, and said bank entered into an agreement that, pending the disposition of said appeal, the bank was not to pay any taxes, which is in direct conflict with section 4301 of the Code of 1906, and, further, that no damages were to be paid by the bank in said matter, and that such agreements were without authority of law and amounted in law to collusion between the board of supervisors, acting for the county and said bank, for the bank not to pay its taxes at the time the law requires. When the revenue agent discovered this, it was his duty to bring suit for the collection of said taxes.

On what theory the court extended the demurrer back to the declaration, we are unable to comprehend. The declaration is a good declaration and is brought under *Adams* v. *Bolivar County,* 75 Miss. 154, which provides that, where the revenue agent makes investigation, finds that any one owing taxes is in default, even if no suit is brought by him, if through his efforts, the said taxes are paid to him or to some other officer, he is entitled to his commission.

Now, here, under the allegations of the declaration, the board of supervisors assessed the First National Bank for taxes amounting to five thousand three hundred and seventy-three dollars and ninety-seven cents, for the year 1916; that, on the 29th day of August, 1916, the bank took an appeal from said assessment and the case was brought to the circuit court. The bank did not pay its taxes as required by section 4310. That the March term, 1917, of the circuit court of said county went by and said appeal was not tried, and, on the 21st day of June, 1917, the revenue

agent brought suit to collect said taxes from said bank; that, when the revenue agent got after the bank by this suit, the bank, in August, 1917, two months after the filing of the suit, paid said amount of taxes to the sheriff of Harrison county. The revenue agent then applied to the board of supervisors for his commission on this collection which was refused, and he brought this suit against the county for the commisison on this collection which was tried at the March term, 1919, of said circuit court, at a time when said appeal of the First National Bank from said assessment of the board of supervisors against it, had never been disposed of, which appeal it had taken in August, 1916; and judging from the length of time for which this appeal remained undisposed, we submit that the bank would not have paid these taxes in August, 1917, if the revenue agent had not filed his suit to collect same in June, 1917. The appeal was not disposed of till March term of said circuit court, 1920, when the bank withdrew it, as set up in the replication before mentioned.

The replication further sets up that the reason that said taxes were not paid was because the board of supervisors and the bank entered into an agreement that the taxes would not be paid till the appeal was terminated, right squarely in the teeth of section 4301 of the Code of 1906.

In its former opinion in this case, 83 So. 617, the court at page 618, right column, used the following language: "What good purpose, therefore, then could be accomplished by permitting the state revenue agent, pending the disposition of such appeal, to institute himself another and separate action against the complaining taxpayer for the recovery of taxes, the amount of which must ultimately depend upon the proper amount of the assessment. The right of the revenue agent to prosecute a suit in his own name against a delinquent taxpayer always depends upon the assumption that no suit is pending by the proper authority involving the same subject-matter."

Then skipping, the court continued (p. 619, near end right column): "We prefer the view that the bank had

the undoubted right under the law to prosecute this appeal by complying with the statute which granted the right, and that no one is to be condemned for the exercise of a legal right."

We do not exactly get from the above quoted language that Judge STEVENS thereby meant to decide that, even though all the facts set up in the replication were true, the revenue agent would not be entitled to commission on said collection. If he did so mean, we think such holding error, because, by section 4310, it became the duty of the bank to pay the full amount of its assessment pending its adjudication, and when it did not do this, which was the case on June 21, 1917, the bank was then certainly delin-quent for its taxes under section 4310, whether it succeeded in its appeal or not. If it did not succeed, which turned out to be the case, it was certainly delinquent; and, if it had succeeded, it was delinquent, because the taxes should have been paid by it pending the appeal, and if its appeal was successful, then refund should be made.

*M. D. Brown,* for appellee.

Appellee believes that the case of *Harrison County* v. *Robinson, State Revenue Agent,* 83 So. on page 617, 618 and 619, with the authorities cited therein, fully and com-pletely disposed of this case and is willing to rest its case on this opinion and citations of authorities therein but to assist this court as much as we can, will draw the distinc-tions between the case at bar and the case cited in brief of appellant. However, before leaving 83 So. 617, we will reply to counsel's criticism on page 9 of the same case in which he quotes from the opinion: "What good purpose therefore could be accomplished by permitting the state revenue agent, pending the disposition of such appeal, to institute himself another separate action against the com-plaining taxpayer for the recovery of taxes, the amount of which must ultimately depend upon the proper amount of the assessment. The right of the revenue agent to prose-

cute a suit in his own name against a delinquent taxpayer always depends upon the assumption that no suit was pending by the proper authority involving the same subject right' under the law to prosecute this appeal by complying with the statute which granted the right, and that no one is to be condemned with exercise of a legal right."

We submit that no language could be clearer or the import thereof stronger than as set forth in the above opinion, no ambiguity, no tautology, but a clean, clear cut simple statement, but notwithstanding this however, counsel says in his brief on page 9: "We do not exactly get from the above quoted language that Judge STEVENS thereby meant to decide that even though all the facts set up in the replication were true, the revenue agent would not be entitled to the commission on said collection. If the above quoted language of Judge STEVENS did not mean exactly what it said, it meant absolutely nothing and therefore, Judge STEVENS, a supreme court judge of the highest tribunal of the state was indulging in jargon and folly; this is the logical conclusion to which we are inevitably driven by the brief of appellant.

Under Code 1906, section 81, Hemingway's Code, section 61, authorizing an appeal from assessment by the board of supervisors, and section 4310, Code of 1906, providing that the collection of taxes shall not be delayed by the appeal, a state revenue agent may not recover commissions for delinquent taxes paid by a bank after suit brought by agent to compel payment, but before trial, where at time of such suit an appeal by bank on assessment of such tax was pending. 83 So. 617.

It was the duty of the bank on executing this appeal to pay the taxes; it was the duty of the tax collector to collect the taxes, but because the taxes were not paid at the time of the appeal, counsel in their brief argues that therefore the state revenue agent was entitled to his commissions.

The case of *T. C. Garrett* v. *State Revenue Agent,* 83 So. 177, referred to on page 5 of brief of appellant is not in

point and authority for the instant case, for the simple reason that in the Garrett case there was no suit pending when Stokes V. Robertson, Revenue Agent, filed his original suit in the circuit court against the sheriff and tax collector of Le Flore county and the court in that case said that the settlement was brought about as a direct result of the activity of the revenue agent in the institution of the two suits, so we submit that appellant can derive no comfort nor benefit from the Garrett case.

Now as to *Adams* v. *Bolivar County,* 75 Miss. 154, and 21 So. 608, held that the state agent is entitled to compensation when he makes such investigation after the money is due, if it is afterwards paid over to him or any officer entitled to receive it, whether his suit is brought by him or not, and this though he found the money due from a correct open account kept on the defaulter's books. That case, just as the Garrett case, was a settlement brought about directly and exclusively by the efforts of the state revenue agent, and is not in point or authority for the instant case, for in the case at bar, as before stated, and as settled by the former opinion, 83 So. 177, there was a suit pending to determine the same question at the time this suit was instituted by the state revenue agent.

This suit was an unnecessary suit and in no way so far as is borne out by the record or as could be made, was directly instrumental in collecting the taxes. This suit was instituted while there was another suit pending and was unnecessarily instituted, and we respectfully submit that the judgment of the lower court should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an action at law in which the appellant seeks to recover from the appellee commissions on certain taxes which he claims to have coerced the First National Bank of Gulfport into paying to the appellee's treasurer. The declaration alleges that on the 21st of June, 1917, the ap-

pellee instituted a suit against the First National Bank for taxes it was then due to the appellee for the year 1916, and that thereafter, while the said suit was pending, the bank paid the taxes to the sheriff of Harrison county, and because of which the appellant became entitled to his commission of twenty per cent on the amount of taxes so paid by the bank. To this declaration the appellee filed a plea styled a "plea in abatement," but which is in effect a plea in bar, and which will be found set forth in full in the report of a former appeal herein in 83 So. àt page 617, the substantial allegations of which are that the First National Bank had appealed to the circuit court of Harrison county from the order of the board of supervisors approving the assessment of its property for the year 1916, which was then pending, and that in event the bank should be successful in obtaining a reduction of its assessment, the county would have to refund to it the taxes paid on the assessment thus held to have been erroneous.

This plea was demurred to by the appellant, the demurrer was sustained, and, the appellee declining to plead further, judgment was rendered against it for the amount sued for, from which the appellee appealed to this court, and the judgment appealed from was reversed and the cause remanded. See *Harrison County* v. *Robertson, Revenue Agent,* 83 So. 617.

On the return of the cause to the court below, the appellant filed a replication to the appellee's plea which, stripped of its irrelevant matter, set forth that the appeal of the First National Bank from the assessment of its property made by the board of supervisors had been dismissed by the bank, and that there was therefore no longer another cause pending involving the subject-matter of the present controversy. A demurrer to this replication was sustained, and the cause was dismissed, from which judgment the revenue agent appeals.

On the former appeal this court decided that if the facts set forth in the appellee's plea are true, the revenue agent is not entitled to the commissions here sought to be col-

lected, for the reason that he was without authority to sue the bank for its taxes while its appeal from the assessment therefor was pending, from which it necessarily follows that the dismissal by the bank of its appeal can have no bearing on the right of the appellant to recover the commission sued for.

The court committed no error in sustaining the demurrer and dismissing the cause.

*Affirmed.*