GULLY, State Tax Collector, v. MATTHEWS, Sheriff.

(Division B.  Oct. 4, 1937.)

[176 So. 277.  No. 32810.]

**Maynard, Fitzgerald & Venable**, of Clarksdale, for appellant.

584

Roberson, Cook & Luckett, Brewer & Montgomery, and Charles A. Sisson, all of Clarksdale, for appellee.

Argued orally by **W. W. Venable**, for appellant, and by **Charles A. Sisson** and **Semmes Luckett**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant, in his capacity as state tax collector, filed his bill in the chancery court of Coahoma county against appellee, Matthews, the sheriff and tax collector of that county, to enjoin the latter from prosecuting in the county court eighty-four suits brought by him against eighty-four separate slot machine operators in the county. It was sought by such suits to recover the state and levee district privilege taxes imposed by law for the operation of such machines. The ground of appellant's bill was that he had previously brought suit in the chancery court of the county against the same defendants upon the identical causes of action, and in addition had joined the appellee and the surety on his official bond therein, seeking to hold them liable for the taxes and penalty, on the ground that through the willful default or negligence of appellee the taxes had not been collected. A temporary injunction was issued, and a motion to dissolve was heard by the chancellor on bill, answer, and proofs, resulting in a decree sustaining the motion. From that decree this appeal was granted to settle the principles of the cause.

The privilege tax on slot machines is imposed by chapter 20, Laws 1935 (Ex. Sess.). Section 6986, Code 1930, expressly authorizes the state tax collector to sue for and

recover any and all unpaid taxes of whatsoever kind, "state, county, municipality, drainage, levee or other taxing district, or any subdivision thereof." Section 247 of chapter 20, Laws of 1935 (Ex. Sess.), authorizes the sheriffs and tax collectors to bring suit for unpaid privilege taxes. Section 6995, Code 1930, provides, among other things, that, when the state tax collector sues a delinquent taxpayer, the assessor and sheriff and tax collector shall be made parties defendant, and, if it shall appear that the failure of the taxpayer to pay his taxes was caused by any willful default or negligence of either, judgment shall be rendered against the defaulter for the statutory penalty.

It is not questioned that the right to sue existed in both the appellant and the appellee. The question in the case is whether or not the one suing first has the right to prosecute the cause to a final determination to the exclusion of the other, and, if necessary to that end, the right to abate the other. It was held in Robertson v. Bank, 116 Miss. 501, 77 So. 318, and Robertson v. Monroe County, 118 Miss. 541, 79 So. 187, that, where two or more public officers had the right to sue on behalf of the state or any of its political subdivisions, the one suing first acquired the exclusive right to prosecute the action to final determination, subject to good faith under the control of the court.

Counsel appear to be in agreement thus far. Appellee's position is that this question can be raised alone by the defendants in the eighty-four suits, not by appellant. Undoubtedly that is the general rule. The pendency of another suit between the same parties on the same cause of action and for the same relief may be pleaded in abatement of a subsequent suit. The rule rests upon the right of every one to be protected from unnecessary and vexatious litigation; however, it is subject to many exceptions and limitations. Griffin v. Board of Miss. Levee Commissioners, 71 Miss. 767, 15 So. 107. Private litigation generally is within the reason

of the rule. Public suits—suits on behalf of the state or any of its political subdivisions—are not. Usually in private suits nobody is concerned except the defendants. That is not true of public suits. It is against the interest of the state for its public officers to spend their time in duplicating each other's action; their time and often the expenditure of public funds would be involved. Furthermore, the causes of action involved in the two sets of suits in question are not identical, except in so far as the defendants and the privilege taxes sued for are concerned. In addition, appellant, as he had the right to do, joined appellee and the surety on his official bond in the suits brought by him, seeking to hold them liable for the taxes and the penalty. We are of the opinion, therefore, that this case is not covered by the general rule that the defendant alone has a right to abate on the ground of multiplicity of suits.

The injunction reinstated, and reversed and remanded.