232 So.2d 370 (1970)
Ronnie LaRue LEE
v.
George Evelyn Ede LEE.
No. 45627.
Supreme Court of Mississippi.
February 23, 1970.
Rehearing Denied March 23, 1970.
Rex K. Jones, Hattiesburg, for appellant.
*371 Albert S. Johnston, III, W. Roberts Wilson, Jr., Pascagoula, for appellee.
ROBERTSON, Justice.
The appellant, Ronnie LaRue Lee, appeals from a judgment of the Chancery Court of Jackson County, Mississippi, granting the appellee, George Evelyn Ede Lee, a divorce from the appellant on the ground of habitual cruel and inhuman treatment and awarding custody of Donnie LaRue Lee, minor, to the appellee.
The appellant contends that his plea in abatement should have been sustained. He set up in his plea that a prior divorce suit on the same ground between the same parties had been filed by the appellee in the Forrest County Chancery Court and that this suit was undisposed of and was still pending at the time of the hearing in the Jackson County Chancery Court. The appellant had filed an answer and cross-bill in the Forrest County action wherein he prayed that a divorce be granted him on the grounds of habitual cruel and inhuman treatment and adultery.
The appellee's bill of complaint was filed in the Forrest County Chancery Court on May 2, 1968. In her bill for divorce, she stated under oath that she and the appellant were resident citizens of Forrest County, Mississippi. On May 21, 1968, after a hearing, the Forrest County Chancery Court entered a temporary decree finding that neither the complainant nor the defendant at that time was a fit and suitable person to have the permanent custody of the minor child but that temporarily the complainant and the defendant should have custody for alternate weeks until the final hearing at the regular June 1968 term of court.
The defendant, Ronnie LaRue Lee, filed his amended answer and cross-bill in the Forrest County Chancery Court on June 3, 1968. In his cross-bill he prayed for divorce from the complainant on the grounds of habitual cruel and inhuman treatment and adultery.
On Monday morning, October 14, 1968, appellee, then in Pascagoula, Mississippi, phoned appellant, who was then a student at the University of Southern Mississippi, and asked him to come to Pascagoula. He did so, arriving in Pascagoula about noon. They talked reconciliation. Ronnie returned to Hattiesburg, checked out of school, and drove back to Pascagoula on Wednesday, October 16. He rented a house trailer, and they moved in on Friday, October 18. They lived together in the trailer until Monday night, October 21, when she left with the child, ostensibly to go to the store, but instead returned to the home of her mother and father in Pascagoula. She sent her husband's car back to him by another man.
On October 29, 1968, the appellee, Mrs. George Evelyn Ede Lee, filed a bill of complaint for divorce against appellant, Ronnie LaRue Lee, in the Chancery Court of Jackson County alleging the same ground of habitual cruel and inhuman treatment. This time she swore that they separated in Jackson County on October 21, 1968.
On November 13, 1968, appellant filed a motion and plea in abatement in the Jackson County Chancery Court. In this plea, appellant set up the prior divorce suit still pending in the Forrest County Chancery Court and alleged:
"Defendant would show that the parties in this and the former case are the same, and not other or different persons; that the alleged cause of action, subject matter, and issues in this and the said former suit are the same, and not different, and that the said former suit so brought and prosecuted is still pending in the Court aforesaid and will not be heard until the December 1968 Term of that Court; and that a trial and judgment in said former suit will be determinative and will finally dispose of all the issues presented in this suit."
*372 Appellant moved the Jackson County Chancery Court:
"[T]o dismiss, abate or to stay all the proceedings in the above-entitled cause until such time as the case now pending in Cause No. 25,747 can be tried, heard and determined by the Chancery Court of Forrest County, Mississippi."
In spite of the fact that the appellant's attorney was in the actual trial of an eminent domain suit in Forrest County on December 12, 1968, the Jackson County Chancery Court proceeded to have a hearing on the motion and plea in abatement, and the appellant, Ronnie LaRue Lee, was forced to represent himself. The court overruled his plea in abatement.
The appellee filed a motion to dismiss the Forrest County divorce suit on November 8, 1968. Neither she nor her attorney appeared for a hearing on the motion to dismiss, and the Forrest County Chancery Court entered a decree on December 13, 1968, finding:
"The Court finds that the Complainant, George Evelyn E. Lee, did on the 18th day of October, 1968, perpetrate a fraud upon this Court by entrapping the Defendant, Ronnie LaRue Lee, Jr., into a reconciliation with her in another jurisdiction for the express purpose of divesting this Court of jurisdiction in the above cause and for the purpose of eliminating the Defendant's grounds for divorce against her.
"The Court finds that the Complainant did by false and fraudulent statements and promises entrap the Defendant into a three-day reconciliation in another jurisdiction for the express purpose of eliminating the Defendant's grounds for divorce and divesting this Court of jurisdiction.
"The Court finds that the reconciliation between the Complainant and Defendant was not voluntary because the Complainant did not enter into it in good faith but induced the Defendant into said reconciliation by the use of fraudulent promises for the purpose of divesting this Court of jurisdiction in said cause.
"The Court finds that the motion to dismiss is not well taken and is hereby overruled and that this Court has and retains the original jurisdiction of the above-styled cause."
Between December 13, 1968, and the trial on the merits in March 1969, a myriad of pleadings was filed, the appellant filing his mostly in the Forrest County Chancery Court and the appellee filing hers mostly in the Jackson County Chancery Court. With each successive pleading, each court became more deeply involved and hopelessly enmeshed. Finally, at the March 1969 term of court, the Jackson County Chancery Court tried the last-filed divorce suit and granted a divorce to the appellee, Mrs. Lee, on the ground of habitual cruel and inhuman treatment. Custody of the minor child was awarded to the mother, and the appellant was ordered to pay $10.00 per week as child support.
The Jackson County Chancery Court should have sustained the plea in abatement. The appellee had invoked the jurisdiction of the Forrest County Chancery Court when she filed her bill of complaint for divorce on May 2, 1968. That court had a hearing on May 21, 1968, and issued a temporary decree awarding temporary custody of the child. Issue was joined on the merits when appellant filed his amended answer and cross-bill on June 3, 1968.
The reconciliation of October 18 through October 21, 1968, in Jackson County did not ipso facto and automatically dispose of the prior proceedings in Forrest County. In fact, when the cross-bill was filed on June 3, 1968, appellee lost her right to secure an ex parte dismissal of the Forrest County suit. Possibly she could have dismissed her bill of complaint, but *373 she could not dismiss the cross-bill of the appellant.
The Forrest County Chancery Court determined that the reconciliation was not voluntary on the part of the appellant but was induced by fraudulent promises of the appellee for the express purpose of luring and entrapping the appellant into another jurisdiction and divesting the Forrest County Chancery Court of jurisdiction.
Bunkley & Morse, Amis on Divorce and Separation in Mississippi Section 4.02 (1957) has this to say:
"Condonation is forgiveness of a marital offense theretofore committed, on condition that it will not be repeated and that the offender will thereafter treat the forgiving party with conjugal kindness. * * * So long as the offending spouse observes the conditions on which the condonation rests, the unoffending spouse may not complain of the condoned offense, and in such a case a plea of condonation will be a valid defense to an action for divorce. But if the offense be repeated, the condoned offense is revived, and a plea of condonation will not be a valid defense. And the general rule is that if the offender be guilty of any other marital offense, the condoned offense is revived. In such cases the offender is placed on probation, and any subsequent grave or serious misconduct, indicating an intent or purpose not to keep or perform the conditions of the condonation in good faith, will be sufficient to avoid it, in itself. * * *
"* * * It is necessary also that the condonation be free and voluntary. If it is induced by fraud, fear or force, it is of no effect. * * *" Id. at 142-144, 145.
The right to rule on the sincerity of the condonation and whether it was bona fide or not was in the Forrest County Chancery Court.
The plea in abatement was the proper pleading to bring the prior suit to the attention of the Jackson County Chancery Court. 1 American Jurisprudence 2d Abatement, Survival, and Revival Section 5 (1962) says:
"It is fundamental that a plaintiff is not authorized simply to ignore a prior action and bring a second, independent action on the same state of facts while the original action is pending. Hence a second action based on the same cause will generally be abated where there is a prior action pending in a court of competent jurisdiction within the same state or jurisdictional territory, between the same parties, involving the same or substantially the same subject matter and cause of action, and in which prior action the rights of the parties may be determined and adjudged. * * *" Id. at 44.
Mississippi subscribes to this general rule. General Acceptance Corporation v. Holbrook, 254 Miss. 78, 189 So.2d 923 (1966); Abiaca Drainage Dist. v. Albert Theis & Sons, 185 Miss. 110, 187 So. 200 (1939); Gully v. Matthews, 179 Miss. 579, 176 So. 277 (1937); Harrison County v. Robertson, 121 Miss. 387, 83 So. 617 (1920).
The judgment of the Jackson County Chancery Court overruling the plea in abatement is reversed, all subsequent decrees of the Jackson County Chancery Court are set aside and held for naught, and this cause remanded for the entry of an order sustaining the plea in abatement.
Reversed and remanded.
GILLESPIE, P.J., and PATTERSON, INZER, and SMITH, JJ., concur.