GENERAL ACCEPTANCE CORPORATION *v.* HOLBROOK, et ux.

No. 43684          November 15, 1965          179 So. 2d 845

*Kenneth E. Bullock, Wm. H. Odom,* Laurel, for appellant.

*Jack Parsons,* Wiggins, for appellees.

Etheridge, P. J.

General Acceptance Corporation, appellant (called GAC), brought this suit in the Chancery Court of Jones County, by a nonresident attachment, against Mr. and Mrs. Holbrook, residents of Florida. Personal service of process was later had upon Mr. Holbrook. The bill alleged that he owned real property in Jones County, which was the subject of attachment; and that GAC obtained ·a judgment on December 4, 1963 in the ·Court of Record of Broward County, Florida, in the amount of $4,235. The suit was on the judgment. A copy of it was attached as an exhibit to the bill of complaint. A writ of attachment and publication process were issued.

The chancery court sustained motions to quash the writ and to dismiss the suit, filed separately by defendants. It was correct in quashing the writ and dismissing as to Mrs. Holbrook, since the bill showed on its face that the land did not belong to her. Hence the order as to Mrs. Holbrook is affirmed.

However, the trial court erred in quashing the writ of attachment and dismissing the bill as to ·Mr. Holbrook.

This was done on the theory that the copy of the foreign judgment attached to the bill of complaint as an exhibit was not properly authenticated. The order confused a pleading with an evidence question.

■■ Mississippi Code Annotated section 1469 (1956) requires that in actions founded on any writing, a copy of it shall be attached to the declaration or bill of complaint. Section 1412 makes this statute applicable to chancery courts. A copy of the Florida judgment was attached to the bill, which alleged sufficient to withstand demurrer. The suit was based on the judgment, and the exhibit copy was a sufficient compliance with section 1469. Hence the trial court erred in quashing the writ and dismissing the bill. Its order was without reservation and amounted to a dismissal with prejudice.

■■ Accordingly, we do not reach the question of the sufficiency of the authentication of the judgment of the Florida court. That is a question of evidence, and GAC has not offered that document into evidence as yet. Code section 1746 provides that copies of the record of any writing recorded by the laws of any other state, ''shall, when certified by the officer in whose office the record is kept, under his seal of office, he received in evidence . . .'' ■■ Appellant may proceed either under that statute, or under the federal act. 28 U.S.C.A. § 1738 (1950); 20 Am. Jur. *Evidence* §§ 1014-1017 (1939); 8 Am. Jur. *Pleading and Practice Forms* § 378 (1957); see Cole v. Cole, 194 Miss. 292, 297-298, 12 So. 2d 425, 427-428 (1943).

In summary, the order of the chancery court dismissing the bill as to Mrs. Holbrook is affirmed. The order as to Mr. Holbrook is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

*Gillespie, Jones, Brady and Inzer, JJ.,* concur.