This is an appeal from the First Judicial District of Hinds County, Mississippi wherein the appellant, Jack Smith, was indicted and tried as a recidivist for the crime of murder. Upon conviction he was sentenced *Page 1103 
to serve a term of life without benefit of parole or probation in the custody of the Mississippi Department of Corrections. Aggrieved with the lower court's holding, he has perfected an appeal to this Court assigning the following as error:
(1) The conviction of the appellant was against the overwhelming weight of the evidence.
It is undisputed that on April 24, 1983, the appellant and Arthur Gene Crump, the victim, argued outside the home of James Scott, Jr. During the argument Crump pulled a knife on appellant. Scott intervened and Crump remained at Scott's home while Smith went to his home nearby. Not long afterwards the appellant returned with a shotgun. He testified he saw Crump make a "pistol play" (reach for a gun in his pants leg) and he fired hitting Crump in the upper leg. He then reloaded his gun and shot Crump in the head.
Testimony offered by the State's witnesses differed from that of the appellant. According to that testimony Crump was approaching a cab his girlfriend had summoned when he was confronted by the appellant who shot him in the leg. Crump pleaded with appellant not to shoot again when appellant then shot Crump in the head. Crump was not reaching for a gun and his knife was in his back pocket at the time he was shot. No gun was found on or near his body following the incident.
These facts present a classic jury issue. We have often stated that where the testimony is in conflict, the jury is the sole judge of the weight and worth to be given that testimony. They may believe or disbelieve, accept or reject the utterance of any witness. Groseclose v. State, 440 So.2d 297 (Miss. 1983);Gathright v. State, 380 So.2d 1276 (Miss. 1980).
The jury was properly instructed on the State's charge against the appellant and his assertion of self-defense, and they resolved those conflicts in behalf of the State.
(2) The lower court erred in failing to sustain the objection of appellant to certain prejudicial remarks and conduct of the prosecution.
During cross-examination, the district attorney questioned appellant at length concerning his acquisition of a gun permit in this State. Defense counsel objected to the district attorney's conduct, at which point the district attorney said, "By george, I know he's lying now."
With regard to the district attorney's general conduct in cross-examination, trial courts are allowed considerable discretion to determine whether or not such conduct during a trial is so prejudicial that an objection should be sustained.Edmond v. State, 312 So.2d 702 (Miss. 1975). After carefully reading the colloquy between the appellant and the district attorney, we are of the opinion that the circuit judge did not abuse his discretion in overruling appellant's objection.
(3) The lower court erred in failing to grant a continuance or mistrial due to the absence of three defense witnesses.
The day of trial both sides announced ready to proceed. The second day of trial the appellant announced that the subpoena docket showed three of his witnesses had been personally served; however, he learned they were unavailable to testify; two were on vacation. These witnesses were law enforcement personnel and subpoenas had been handed to a female employee of the Jackson Police Department. The appellant moved for a continuance as well as a mistrial.
Outside the jury's presence, a proffer was entered that these witnesses would have been called to testify as to the victim's reputation in the community for peace and violence. The appellant also had six other witnesses to call who would offer the same testimony. Counsel was asked if additional time was required to locate any other witnesses as to the victim's general reputation. Counsel asked for a ten minute recess.
The granting of a continuance rests within the sound discretion of the trial judge. Greene v. State, 406 So.2d 805 (Miss. 1981). *Page 1104 
Six witnesses were called to testify as to the victim's general reputation for peace and violence. The testimony to be offered by the two absent witnesses was merely cumulative to those testifying, therefore, we cannot say the appellant's case was prejudiced by their absence nor that the trial court abused its discretion in not granting a continuance. More importantly, it was incumbent upon appellant to ascertain if his witnesses were present before announcing ready for trial. Absent doing so, he is in no position to complain after the trial has begun.
(4) The lower court erred in admitting over objection of appellant State's Exhibit 18.
During the sentencing hearing the State introduced over the appellant's objection photo copies of microfilm records from the State of Illinois as evidence of prior convictions and sentencing of the appellant as well as a cover letter indicating the dates of his incarceration in that State.
We note at the outset that these documents, on their face, suggest more reliability regarding the information contained therein than those excluded in DeBussi v. State,453 So.2d 1030, 1031-1032 (Miss. 1984). Still, they fall short of the settled requisites to the introduction of out-of-statedocuments. The State had the option of proceeding under 28 U.S.C.A. § 1738 (1950) or Mississippi Code Annotated section 13-1-99 (1972). General Acceptance Corp. v. Holbrook, 254 Miss. 78, 179 So.2d 845 (1965).
28 U.S.C.A. § 1738 states:
 The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.
 The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
 Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken. June 25, 1948, c. 646, 62 Stat. 947.
Mississippi Code Annotated section 13-1-99 states:
 Copies of the record of any writing required or permitted to be recorded by the laws of any other state or territory of the United States or of the District of Columbia, shall, when certified by the officer in whose office the record is kept, under his seal of office, be received in evidence without accounting for the absence of the original. If the execution of such writing be disputed on oath by the opposite party, the original shall be produced or its absence accounted for before the copy shall be received in evidence. Such original of a writing, when acknowledged or proved according to the laws of the state or territory where executed, so as to be entitled to be recorded there, shall be evidence, without further proof of its execution.
The State failed to comply with either the Federal Act or the Mississippi statute. Neither the microfilm records nor cover letter was accompanied by a certificate of authentication. The custodian of records at the penitentiary had on file microfilm copies of the original convictions and sentences from the Criminal Court of Cook County, Illinois. The certifications on these convictions were dated October 8, 1951. These microfilm copies were accompanied by a letter from the Illinois Department of Corrections which is of no help with respect to their authenticity. The letter is supposedly signed by Linda K. Badger, supervisor of the microfilm center. However, it is evident that Linda K. Badger's *Page 1105 
name was signed by some other person whose initials were M.J.
There was also introduced into evidence an official statement of facts dated October 15, 1951, relating to the three convictions of appellant in Illinois and signed by George J. Cotsirilos, Assistant State Attorney, as well as the following signed statement of the trial judge: "I, Judge Wilbert F. Crowley, hereby concur in the above statement of facts as set forth by the State's Attorney." The above letter, "Official Statement of Facts," which is also a microfilm copy contains no certification by the Clerk of the Court where it is recorded with respect to it being a true and correct copy of his records.
The appellant argues, and we agree, that a copy of a judicial record of another State or Territory is not admissible into evidence unless accompanied by an original certificate of authentication or certification by the officer in whose office the record is required to be kept, under his seal of office, if a seal exists, as provided for under 28 USCA § 1738 (1950) and Mississippi Code Annotated section 13-1-99 (1972).
What we are saying is that a photocopy of an original record which is accompanied by a photocopy of an otherwise proper authentication is not sufficient. A photocopy of the original record may be introduced provided that it is accompanied by an original certificate of authentication in compliance with 28 USCA § 1738 or Mississippi Code Annotated section 13-1-99 (1972).
For the above reasons, we reverse that portion of the lower court's judgment sentencing the appellant to a term of life without benefit of parole or probation. The sentence of life is hereby affirmed. That portion of the judgment requiring the sentence to be served without benefit of parole or probation is reversed and this cause rendered here. Debussi v. State,453 So.2d 1030, 1032-1034 (Miss. 1984).
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., HAWKINS and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.