PROCEDURAL HISTORY
PAYNE, J.,
for the Court:
¶ 1. Michael Dillard was indicted by the Circuit Court of Calhoun County on three counts of uttering a forgery in violation of Miss.Code Ann. § 97-21-59 (Rev.2000). He was tried and found guilty by a jury on count II, and sentenced to fifteen years in the custody of the Mississippi Department of Corrections. Dillard filed a motion for JNOV or in the alternative a new trial, which was denied. Dillard then perfected this appeal. Finding no merit to his claims, this Court now affirms the ruling of the Circuit Court of Calhoun County.
FACTS
¶ 2. On March 15, 1998, Dillard was at the home of Harold Jackson. Jackson left for about an hour to go to a meeting while Dillard remained in Jackson’s house. At some point, Dillard took one or more of Jackson’s checks. Dillard filled out, signed, and cashed at least one of Jackson’s checks at the Piggly Wiggly Grocery Store in Calhoun City, Mississippi.
ISSUES PRESENTED
¶ 3. Dillard raised several issues for this Court’s review:
I a. WHETHER IT WAS REVERSIBLE ERROR FOR THE TRIAL COURT TO DENY DILLARD’S MOTION FOR A CONTINUANCE MADE ON THE MORNING OF THE TRIAL IN ORDER TO SUBPOENA TWO ALIBI WITNESSES DILLARD DISCLOSED TO HIS ATTORNEYS THAT DAY, EVEN THOUGH DILLARD ADMITTED THAT HIS ATTORNEYS HAD INTERVIEWED HIM FOUR OR FIVE TIMES, YET HE NEVER DISCLOSED THE ALIBI WITNESSES UNTIL THE MORNING OF THE TRIAL.
I b. WHETHER THE DISTRICT ATTORNEY INDICATED THE DAY PRIOR TO THE TRIAL THAT IT INTENDED TO TRY DILLARD ON ANOTHER PENDING FELONY CHARGE, THEN INSTEAD TRIED DILLARD ON THE FORGERY CHARGE.
II. WHETHER IT WAS REVERSIBLE ERROR FOR THE TRIAL COURT TO ALLOW TWO PROSECUTION WITNESSES WHO WERE NOT SPECIFICALLY ON THE WITNESS LIST TO TESTIFY WITHOUT GIVING DILLARD’S ATTORNEYS REASONABLE TIME TO INTERVIEW SUCH WITNESSES.
III. WHETHER IT WAS REVERSIBLE ERROR FOR THE TRIAL COURT NOT TO DECLARE A MISTRIAL WHEN SEVERAL PROSECUTION WITNESSES AND THE DISTRICT ATTORNEYS MADE REPEATED REFERENCES TO OTHER *391 CHECKS THAT DILLARD ALLEGEDLY FORGED, AND THE TRIAL COURT DID NOT GIVE ANY INSTRUCTIONS TO DISREGARD SUCH STATEMENTS.
Dillard’s first assignment of error was divided above for clarity, but will be discussed as one issue.
DISCUSSION
I a & b. CONTINUANCE
¶4. Dillard points out that it is within the discretion of the trial judge as to whether or not a continuance is granted, Smith v. State, 463 So.2d 1102, 1103 (Miss.1985), and that “a denial of the continuance shall not be grounds for reversal unless the Supreme Court shall be satisfied that injustice resulted therefrom.” Miss.Code Ann. § 99-15-29 (Rev.2000). Additionally, “it is incumbent on the defendant seeking such a continuance to show concrete facts that demonstrate the particular prejudice to the defense that will necessarily arise if a delay is not granted.” Golden v. State, 736 So.2d 1076(¶ 6) (Miss.Ct.App.1999).
¶ 5. Dillard claims that he suffered injustice by not being granted a continuance so he could produce his, theretofore undisclosed, alibi witnesses. He argues that his witnesses would testify that Dillard was not in Calhoun County the day he was alleged to have uttered a forgery. Dillard asserts that the district attorney’s office switched cases on the morning of the trial, resulting in prejudice to him when the trial court denied his request for a continuance.
¶ 6. The prosecution cites Richardson v. State, 722 So.2d 481(¶ 3) (Miss.1998), which states:
Whether a continuance should be granted or denied is within the sound discretion of the trial court. Only when manifest injustice appears to have resulted from the decision to deny the continu-anee will this Court reverse on that basis.
(citations omitted). The State contends that “the question of whether defendant had a reasonable opportunity to prepare to confront the State’s evidence at trial depends upon the particular facts and circumstances of each case.” Walker v. State, 671 So.2d 581, 592 (Miss.1995) (citation omitted).
Rule 9.05 of the URCCC states.:
Upon written demand of the prosecuting attorney stating the time, date and place at which the alleged offense was committed, the defendant shall serve with ten days, or at such other time as the court may direct, ... a written notice of the intention to offer a defense of alibi, which notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon which the defendant intends to rely to establish such alibi....
If, prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information previously furnished, the party shall promptly notify the other party or the party’s attorney of the name and address of such additional witness.
Upon the failure of either party to comply with the requirements of this rule, the court may use such sanctions as it deems proper, including: 1. Granting a continuance; 2. Limiting further discovery of the party failing to comply; 3. Finding the attorney failing to comply in contempt; or 4. Excluding the testimony of the undisclosed witness.... For good cause shown, the court may grant an exception to any of the requirements of this rule.
*392 The State also points to Morris v. Slappy, 461 U.S. 1, 11-12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983), which states that “only an unreasoning and arbitrary ‘insistence upon expeditiousness in the face of a justifiable request for delay’ violates the right to assistance of counsel.”
¶ 7. The State argues that the record does not support a finding of fact that a different case was tried than the one set for trial, and Dillard did not point to any record supporting this contention. Dillard did not notify his own attorneys or the State of alibi witnesses until the day of trial. The trial judge told Dillard he would enter an order to bring the witnesses to court if Dillard would give him the names, then issued a subpoena for the two witnesses. At the end of the State’s case, Dillard moved for a directed verdict, which was denied, then rested without presenting any witnesses. No more mention was made of the two alibi witnesses. Dillard did not meet his burden to prove that the trial judge abused his discretion or that Dillard suffered a manifest injustice when the trial judge denied the motion for continuance.
II. TESTIMONY OF PROSECUTION WITNESSES
¶ 8. Dillard asserts that the trial court committed error by allowing two prosecution witnesses who were not on the witness list to testify. He cites Rule 9.04(1), (1) & (2), which states:
If during the course of trial, the prosecution attempts to introduce evidence which has not been timely disclosed to the defense as required by these rules, and the defense objects to the introduction for that reason, the court shall act as follows:
1. Grant the defense a reasonable opportunity to interview the newly discovered witness ... and
2. If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the defense to meet the non-disclosed evidence or grant a mistrial.
URCCC 9.04(1), (1) & (2). Dillard argues that the victim, Harold Jackson, and the store manager who received the check, Andy Kerr, were not on the witness list, and that the trial court did not give Dillard’s attorneys an opportunity to interview either witness before proceeding. In support of his position, Dillard cites Mims v. State, 730 So.2d 76 (¶ 5) (Miss.Ct.App.1998), which cites URCCC 9.04, and which states:
Our legal context is provided by Rule 9.04(A)(2) of the Uniform Rules of Circuit and County Court, which reads in pertinent part as follows:
A. [T]he prosecution must disclose to each defendant or to defendant’s attorney ... the following which is in the possession, custody, or control of the State, the existence of which is known or by the exercise of due diligence may become known to the prosecution:
(1) Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial ...;
(2) Copy of any written or recorded statement of the defendant and the substance of any oral statement of the defendant;
¶ 9. The State argues that the standard of review for discovery abuse is “whether the trial court abused its discretion in its decision.” State v. Blenden, 748 So.2d 77(¶ 16) (Miss.1999). Additionally, the State relies on Brooks v. State, 748 So.2d 736(¶ 20) (Miss.1999), which states: “As *393 this court has stated in the past, the purpose of discovery is to avoid unfair surprise or trial by ambush.” When the State called Jackson, the victim, to testify, the defense was granted a bench conference. At that time, the State’s attorney told the court that Dillard “asked for a speedy trial.... Mr. Jackson gave a full and complete statement that’s included in our discovery.” The court overruled Dillard’s objection. .The State asserts that Jackson’s testimony was essentially the same as the information in his statement provided to the defense in discovery.
¶ 10. When Kerr was called to the stand, the defense was again granted a bench conference. The State’s attorney stated' to the court that Kerr’s name was included in the indictment as having received the check. The court asked the defense, “[c]an you call surprise?” The defense stated, “I really can’t, but I am entitled to object anyway.” The court overruled the objection. Kerr testified that he wrote Dillard’s name in the “pay to” blank on the check. While he testified that he would have asked to see identification and would have copied Dillard’s name and social security number onto the check from such identification, he could not say he was 100 percent certain that Dillard presented the check.
¶ 11. The State argues that the remedy for non-compliance under URCCC 9.04(1) comes when the defense “claims unfair surprise or undue prejudice and seeks a continuance or mistrial.” The record does not indicate that Dillard sought a continuance or mistrial based on failure to comply with discovery or undue prejudice as a result of the witnesses testifying. Further, the defense stated they could not claim “unfair surprise” based on Kerr’s testimony. The State concedes a technical error, but asserts that Dillard neither suffered prejudice nor was the victim of unfair surprise, and that Dillard did not pursue a continuance to interview the witnesses as required. Therefore, the State suggests that any technical error in this matter was harmless and not grounds for reversal.
¶ 12. The defense received Jackson’s full statement in discovery, and Kerr was listed on the indictment as having received the check in question. While URCCC 9.04(1)1 states that the trial court shall grant the defense an opportunity to interview newly discovered witnesses, Dillard did not request such an opportunity and has not shown unfair surprise nor undue prejudice resulting from their testimony.
III. MOTION FOR MISTRIAL
¶ 13. Dillard argues that the court erred in not granting a mistrial because several prosecution witnesses and the State’s attorney made numerous references to other checks, implying that Dillard was also involved with forging those checks. The court overruled Dillard’s objections concerning references to “the checks”, “some checks”, “two checks”, etc., and denied Dillard’s motions for mistrial. Dillard contends that the court should have at least given the jury instructions to disregard the improper statements. Dillard relies on Fuente v. State, 734 So.2d 284(¶27) (Miss.Ct.App.1999), which says:
Generally, evidence of a crime other than that charged in an indictment is not admissible against the accused. However, admission of evidence and testimony about evidence is within the broad discretion of the trial court, requiring a reversal only on a demonstrable abuse of discretion.
(citations omitted). Dillard also cites McLemore v. State, 669 So.2d 19, 22 (Miss.1996), in which the court held:
We have stated before that when evidence of other crimes is admitted for a specific purpose, the judge should in *394 struct the jury to limit their consideration of this evidence for the particular purpose for which it is offered.... In fact we have stated “that a limiting instruction must be given in order to minimize the risk that the jury will infer guilt from the previous conduct.” ... “We clearly indicated that a limiting instruction should have been given sua sponte.”
(citations omitted). Dillard asserts that he was irreparably prejudiced in the eyes of the jury and convicted because of the improper comments. He acknowledges that McLemore dealt with evidence of prior convictions but asserts that the circumstances of his trial are no less serious and prejudicial. Dillard further asserts that the court should have given a limiting instruction sua sponte, as in McLemore.
¶ 14. The State argues that references to “other checks” were made inadvertently or as a result of direct restatements of what Dillard stated his role to have been in the forgery act. Further, any reference to other checks was an unavoidable consequence as the events were so closely related as to constitute a “series of transactions,” thus falling within the exception to Rule 404(b) of the Miss. Rules of Evidence. Under Neal v. State, 451 So.2d 743, 759 (Miss.1984), evidence of other crimes, wrongs, or acts is admissible if the present case and the other offense are “so interrelated as to constitute a singular transaction or occurrence.” The rationale for admitting evidence of certain closely related acts is that the State “has a legitimate interest in telling a rational and coherent story of what happened.” Brown v. State, 483 So.2d 328, 329 (Miss.1986) (citations omitted). In Davis v. State, 568 So.2d, 277, 279 (Miss.1990), the court held that inadvertent unsolicited pluralization of a word hardly compares with the introduction of “other-crimes” evidence.
¶ 15. As asserted by the State, the fact that several checks were stolen at the same time, were consecutively numbered, and were uttered at the same store on or about the same date shows that the reference to other checks is so closely related to the crime charged as to constitute a series of transactions. No references or inferences were made concerning Dillard’s pri- or convictions or any other part of his arrest record. When Dillard made his written statement, he did not separate or make any distinction between his deeds concerning the checks other than the amount on each. Additionally, defense counsel similarly used the plural form during cross examination of one of the witnesses, apparently unable to separate acts committed at the same time within the same scheme and plan. Under Givens v. State, 730 So.2d 81(¶ 28) (Miss.Ct.App.1998), “if evidence of other bad acts is deemed relevant and generally admissible ..., the court must determine whether the probative value of the evidence is substantially outweighed by the considerations of Mississippi Rule of Evidence 403. The trial judge, in his sound discretion, determines the relevance of evidence at trial, and that determination will not be reversed unless the reviewing court finds clear abuse of discretion.” Id. (citations omitted).
¶ 16. Under Rule 105, MRE, when evidence is admissible for one purpose but not another, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly. The Mississippi Supreme Court amended the rule in Smith v. State, 656 So.2d 95, 100 (Miss.1995), when it stated:
wherever 404(b) evidence is offered and there is an objection which is overruled, the objection shall be deemed an invocation of the right to MRE 403 balancing analysis and a limiting instruction. The court shall conduct an MRE analysis *395 and, if the evidence passes that hurdle, give a limiting instruction unless the party objecting to the evidence objects to giving the limiting instruction.
¶ 17. The analysis under MRE 408 has three main goals: (1) to avoid the danger of unfair prejudice, confusion of the issues or misleading the jury; (2) to avoid undue delay; and (3) to avoid presenting cumulative evidence. The State argues that if the evidence passes one of the three hurdles, then the trial judge must give the limiting instruction sua sponte, but that there is no indication that the mentioning of other checks was prejudicial, cumulative or a waste of time. The State argues that mentioning the checks was admissible and submits that limiting instructions were unnecessary due to the interrelatedness of the evidence. The State finally argues that if the judge erred in not giving a limiting instruction, the error was harmless because the evidence was overwhelming to support the jury verdict of guilty.
¶ 18. References to the other checks were unavoidable, even by the defense. They are so closely related as to constitute a series of transactions. A mistrial would have been inappropriate, and a limiting instruction was unnecessary under the MRE 403 analysis.
CONCLUSION
¶ 19. Dillard showed no evidence that the district attorney set one case for trial then prosecuted another. Dillard did not disclose alibi witnesses until the morning of the trial and did not ask for a recess after the State rested to wait for his witnesses to be found. The defense could not argue surprise as to the two State’s witnesses, particularly the victim whose full statement had been given to the defense in discovery. Kerr was listed on the indictment, and the defense admitted it could not claim surprise as to him. Dillard did not ask for a recess as allowed by statute to interview the witnesses before they testified. Finally, in Dillard’s own written statement he referred to checks in the plural, as did the defense at trial. The incidents are so closely related that reference to the other checks was unavoidable and amounted to a series of transactions. A mistrial was not warranted, and under the analysis of MRE 403, a limiting instruction was not required. There was no abuse of discretion on the part of the circuit judge and his decision is affirmed on all issues.
¶20. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY OF CONVICTION OF COUNT II UTTERING FORGERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS and CHANDLER, JJ., concur. IRVING, J., concurs in result only.