ABIACA DRAINAGE DIST. OF LEFLORE, HOLMES, AND CARROLL COUNTIES, MISS. *et al. v.* ALBERT THEIS & SONS, INC.

(Division B.   March 13, 1939.   Suggestion of Error Overruled April 10, 1939.)

[187 So. 200.   No. 33616.]

**Arthar Bruce,** of Greenwood, and **A. M. Pepper,** of Lexington, for appellants.

112

James McClure, of Sardis, for appellee.

116

Argued orally by **Arthar Bruce** and **A. M. Pepper**, for appellant and by **James McClure**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellee, as the owner and holder of certain bonds and interest coupons of appellant, the Abiaca Drainage District, filed its petition in the circuit court of Leflore County against said district and its commissioners praying for a writ of mandamus to compel them to apply the funds of the district in their custody to the payment of appellee's bonds and levy a sufficient tax on the land benefits of the district to pay any balance remaining due thereon. The drainage district plead in abatement the pendency of a former suit in the chancery court of Leflore County between the same parties and involving the same and other questions. Appellee demurred to the plea, which demurrer was sustained and a final judgment en-

tered granting the writ of mandamus as prayed for, From that judgment, this appeal is prosecuted.

That bill was filed by the drainage district against appellee and all other bondholders of the district. Appellee demurred to the bill upon the ground of no equity. No further steps had been taken when the present case was tried. In considering the propriety of the action of the court in sustaining the demurrer to the plea in abatement, the facts well pleaded in the chancery court bill must be taken as true. They are in substance as follows: The district contains 13,185 acres of land. Appellee is the holder of $25,000 of the past due bonds of the district, which with their accrued interest aggregate something like $33,110. The assessed benefits are $213-844 bonds issued $110,000; bonds unpaid $57,500; interest in default $25,549; the title to 5903 acres of the lands of the district is in the state, having been forfeited for nonpayment of taxes. The remaining lands, 7282 acres, are assessed with benefits in the sum of $113,300. Taxes for 86% of the assessed benefits have already been levied, therefore, only 14% remains to be levied. Amount of funds on hand, $15,194,39.

The bill alleges that there was certain emergency repair work necessary in order to preserve and make effective the works already constructed; that this would necessitate an expenditure of approximately $2,500. There are set out in the bill the names of the bondholders of the district, including appellee, and their holdings, all of whom were made parties defendant. The bill prays for a decree authorizing the commissioners to expend out of the funds on hand a sufficient amount to do the necessary emergency repair work referred to. and, in addition, that the solicitors filing the bill be allowed a reasonable fee for their services in that behalf, and the balance remaining be prorated among the bondholders of the district, including appellee.

The assets of the district are the benefits already levied and any that may be hereafter. It is manifestly a very

doubtful question whether the district is now solvent, and furthermore, whether there is any reasonable probability of its becoming solvent in the near future. There can be no preference among the bondholders of an insolvent drainage district. They share prorata. Teoc Sub-Drainage District v. Halliwell, 180 Miss. 720, 178 So. 84. If this district is insolvent and so continues, the judgment of the court gives appellee a preference over the other bondholders. In the chancery court case that can be provided against. In State ex rel. Rice, Atty. Gen., v. Large, 164 Miss. 318, 145 So. 346, the Court held that a proper test in determining whether a subsequent action should be abated because of the pendency of a prior action is whether the judgment in the prior action would be res judicata of issues presented in the second. The identity of the parties in the two suits is the same except all the bondholders, including appellee, were made parties in the chancery court case, while only appellee and the drainage district are parties in the present case. However, in the chancery court case the same relief is asked for as against all the bondholders. Mandamus is now treated as in the nature of an ordinary civil action. The pendency of a prior suit between the same litigants and involving the same subject matter constitutes a bar unless adequate relief is not attainable in the prior suit. People ex rel. Wheaton v. Wiant, 48 Ill. 263; State ex rel. Harmony Drainage District v. Hackmann, 305 Mo. 685, 267 S. W. 608. The field of jurisdiction in a mandamus case is very limited as compared to that in an equity case. In the chancery court case the chancellor will have before him for decision the questions of the solvency of the district; whether out of the funds on hand the emergency expenditure asked for should be made, and whether the solicitors in that case should be paid for their services out of that fund. The funds of the district in the hands of the commissioners are trust funds. Under the facts of this case, equitable principles come into use. We are of opinion

that the mandamus is too narrow an action to properly settle the questions involved, and, on the other hand, the chancery court with its broad authority is fully empowered to do so.

Reversed and judgment dismissing the suit.