# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-00185-SCT

*MICHAEL CRAWFORD*

*v.*

*MORRIS TRANSPORTATION, INC., ALEX*
*JORDAN, INDIVIDUALLY AND AS AGENT*
*DRIVER OF MORRIS TRANSPORTATION, INC.,*
*AND CUSTOM SIGN COMPANY a/k/a CUSTOM*
*SIGN COMPANY OF BATESVILLE, INC. f/k/a*
*CUSTOM SIGN COMPANY OF GRENADA, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/04/2006 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEREK D. HOPSON, SR. |
| ATTORNEYS FOR APPELLEES: | CHARLES S. HEWINS |
| | R. BRITTAIN VIRDEN |
| | GERALD H. JACKS |
| | KATHY R. CLARK |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 09/04/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2007-CA-00322-SCT

*MICHAEL CRAWFORD*

*v.*

*MORRIS TRANSPORTATION, INC. AND*
*CUSTOM SIGN COMPANY a/k/a CUSTOM SIGN*
*COMPANY OF BATESVILLE, INC. f/k/a CUSTOM*
*SIGN COMPANY OF GRENADA, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/04/2006 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |

COURT FROM WHICH APPEALED:    COAHOMA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:    DEREK D. HOPSON, SR.
ATTORNEYS FOR APPELLEES:    CHARLES S. HEWINS
                                  R. BRITTAIN VIRDEN
                                  GERALD H. JACKS
                                  KATHY R. CLARK
NATURE OF THE CASE:    CIVIL - PERSONAL INJURY
DISPOSITION:    REVERSED AND REMANDED - 09/04/2008
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WALLER, P.J., DICKINSON AND RANDOLPH, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Michael Crawford filed a petition to perpetuate testimony in the Circuit Court of Coahoma County, Mississippi. The matter was removed to federal court, and Crawford sought dismissal, alternatively remand, on the basis that removal was premature because no complaint had been filed. Before the federal court dismissed the matter, Crawford filed a complaint in the circuit court. Following dismissal, and after the statute of limitations had expired, Crawford attempted further prosecution of his pre-dismissal complaint. Additionally, Crawford filed a separate complaint post-dismissal, raising the same claims against the same parties. The circuit court eventually dismissed both complaints.

¶2. The question before this Court is whether the circuit court erred in dismissing both complaints. Applying the one-year savings provision of Mississippi Code Annotated Section 15-1-69 (Rev. 2003), we find that the circuit court erred in dismissing Crawford's post-dismissal complaint, which was timely filed within one year of the federal court's dismissal.

**FACTS**

¶3. This case arises out of an automobile accident which occurred in Clarksdale, Mississippi, on July 14, 2001. Michael Crawford, a Mississippi resident, drove into the back of an eighteen-wheeler tractor-trailer driven by Alex Jordan, an Arkansas resident. Jordan had stopped his semi truck on South State Street because he was unsure whether his vehicle would clear the underpass. At the time of the accident, Jordan was employed by Morris Transportation, Inc., a corporation existing under the laws of Arkansas, with its principal place of business in Arkansas.

¶4. In anticipation of a suit against Morris Transportation and Jordan, Crawford filed a petition to perpetuate testimony[1] in the Circuit Court of Coahoma County, Mississippi. Crawford sought to depose both Jordan and a designee of Morris Transportation in order to obtain the identity, address, and other information regarding a potential, unknown, local defendant.[2] The circuit court entered an order authorizing Crawford to take the depositions.

---

[1] Rule 27(a) of the Mississippi Rules of Civil Procedure states, in pertinent part, that:

**(a) Before action.**

(1) *Petition*. A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit or chancery court in the county of the residence of any expected adverse party. . . .

Miss. R. Civ. P. 27(a).

[2] At the time he filed his petition to perpetuate testimony, Crawford alleged that he did not know whether Jordan had collided with a sign attached to the underpass, or whether the sign had simply caused Jordan to stop in the lane of traffic. In either case, Crawford asserted that the party responsible for the sign, whose identity was unknown at the time, should have known of and warned about the danger posed.

3

¶5.     On August 12, 2003, following their depositions, Morris Transportation and Jordan filed a notice of removal to the United States District Court for the Northern District of Mississippi. Morris Transportation and Jordan asserted that their depositions had precluded any potential cause of action against any unknown, local defendant(s); and therefore, removal was proper pursuant to Title 28 of the United States Code, Sections 1332 and 1441.[3]

¶6.     On September 5, 2003, Crawford filed in federal district court a motion to dismiss without prejudice, alternatively to remand. Crawford moved for dismissal on the basis that Morris Transportation and Jordan had "prematurely and improperly" removed the action amidst ongoing, pre-suit discovery, and before an actual complaint had been filed. Alternatively, Crawford petitioned for remand, arguing a civil action had not yet "commenced" due to the absence of a complaint.[4] On September 18, 2003, the federal court entered a stay of the proceedings, pending a ruling on Crawford's motion to dismiss.

¶7.     On October 22, 2003, Crawford filed in federal district court a motion for leave to file a complaint, alternatively to add additional defendants. Crawford asserted that he was

---

[3]     Section 1332 confers on federal district courts jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Section 1441 permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Where removal is based upon diversity of citizenship, the action is removable only if none of the defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b).

[4]     Crawford further stated that "upon information and belief" he would show that no complete diversity existed due to the prospective joinder of a non-diverse defendant. This assertion, however, did not factor into the federal court's ruling on the motion.

4

prepared to file a complaint against Morris Transportation, Jordan, and Custom Sign Co.[5] (hereinafter collectively referred to as "Defendants"). Crawford requested leave to file a complaint in the Circuit Court of Coahoma County, and to have the circuit court clerk forward a copy of his complaint, stamped "filed," to the federal court for inclusion in the removed action. Alternatively, Crawford requested that he be allowed to file his complaint in federal court.

¶8. On November 13, 2003, federal Magistrate Judge S. Allan Alexander granted Crawford's Motion for Leave to File Complaint, Alternatively to Add Additional Defendants. Judge Alexander deemed the complaint "hereby filed," in the form as attached to the motion,[6] and ordered Crawford to file a signed, original complaint in the "clerk's office" within five days as a substitute for the unsigned copy. A signed copy of Crawford's complaint[7] was stamped "received" in the federal court on November 24, 2003. Custom Sign was served process, while Morris Transportation and Jordan waived service of process. Custom Sign responded with a separate answer from Morris Transportation and Jordan.

---

[5] Custom Sign Co. a/k/a Custom Sign Co. of Batesville, Inc. f/k/a Custom Sign Co. of Grenada, Inc., was the previously unknown defendant. Custom Sign is a Mississippi corporation.

[6] Notably, the caption on the attached, unsigned complaint stated "IN THE CIRCUIT COURT OF COAHOMA COUNTY MISSISSIPPI."

[7] As to Morris Transportation and Jordan, Crawford asserted claims of negligence, negligence per se, strict liability, and products liability. As to Custom Sign, Crawford alleged negligence, strict liability, and products liability. Crawford requested general and punitive damages as to all Defendants.

¶9.    On December 10, 2003, approximately one month after being granted leave to file his complaint, Crawford filed a complaint in the Circuit Court of Coahoma County (hereinafter the "2003 complaint").[8]  Crawford filed the 2003 complaint under the same cause number originally assigned to his petition to perpetuate testimony.  This complaint was an exact copy of the complaint he had filed earlier in federal court.[9]  Service of process was not issued for the 2003 complaint.[10]

¶10.    On August 27, 2004, federal district court Judge W. Allen Pepper, Jr., granted Crawford's Motion to Dismiss Without Prejudice, Alternatively, to Remand.  The order granting dismissal stated, in pertinent part, that:

> [W]hen [Crawford] filed his Mississippi Rule of Civil Procedure 27 Petition to Perpetuate Testimony in the Circuit Court of Coahoma County, Mississippi, there was as yet no 'civil action' to be removed to federal court. . . . Rule 27 petitions are not currently 'actions' as in 'civil actions.'  Only when [Crawford] actually files a civil action (*i.e.*, files a complaint, not a petition to perpetuate testimony) will the 'action' become removable to a federal court. The defendants prematurely removed this action; thus, all events occurring on this case's docket are moot.  **IT IS THEREFORE ORDERED AND ADJUDGED** that: (1) [Crawford's] Motion to Dismiss Without Prejudice [4-1] is hereby **GRANTED**; accordingly, (2) The current action is hereby **DISMISSED WITHOUT PREJUDICE**; and (3) This case is **CLOSED**.

---

[8]  Crawford claims that the federal court authorized him to file this state court complaint.

[9]  The first page of Crawford's 2003 complaint shows that it was stamped "received" in federal court on November 24, 2003.  Along with the 2003 complaint, Crawford filed a copy of Judge Alexander's order granting his motion for leave to file complaint.

[10]  In his brief, Crawford submits that prior service of process in the federal court was sufficient for the 2003 complaint.  Alternatively, he argues that he had "good cause" as to why service of process was not made.

6

¶11.    The post-dismissal actions are discussed separately below.

*The 2003 Complaint*

¶12.    As previously noted, Crawford's 2003 complaint was filed after removal and while federal court proceedings were pending.  On July 14, 2005, nearly eleven months after the federal court's dismissal, Crawford filed a first amended complaint in the circuit court, which related back to his 2003 complaint.  Crawford filed the amended complaint pursuant to Mississippi Code Annotated Section 15-1-69 (Rev. 2003), which, if applicable, allowed him to re-file suit before August 27, 2005.[11]

¶13.    The Defendants sought dismissal of both the 2003 complaint and the amended complaint.[12]    The Defendants argued that the federal court dismissed—not remanded—Crawford's case, and therefore, the circuit court could not proceed any further

---

[11] As a negligence-based claim, Crawford's suit was subject to the general three-year statute of limitations of Mississippi Code Annotated Section 15-1-49 (Rev. 2003), that had expired on July 14, 2004.  However, where a "duly commenced" action is abated, or otherwise defeated, by the death of a party or "for any matter of form," Section 15-1-69 authorizes a plaintiff to file suit "within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein."  Miss. Code Ann. § 15-1-69 (Rev. 2003).  Assuming that Crawford's suit was dismissed as a "matter of form," Section 15-1-69 allowed Crawford one year from August 27, 2004, to initiate a new suit.

[12] On August 18, 2005, Morris Transportation and Jordan filed a motion to strike first amended complaint, alternatively to dismiss and close proceeding.  On August 19, 2005, Custom Sign filed a motion to dismiss complaint and first amended complaint for lack of jurisdiction, alternatively motion to strike complaint and first amended complaint, alternatively motion to quash process, alternatively motion to dismiss complaint for failure to timely serve process, alternatively motion to dismiss first amended complaint for expiration of the statute of limitations.

on the suit.[13] Thus, Crawford's 2003 complaint, the amended complaint, and his efforts to now effect service were moot.[14] Alternatively, the Defendants submitted that dismissal was appropriate because Crawford failed to issue timely service on the 2003 complaint.[15] Finally, the Defendants contended that the amended complaint was filed outside the three-year statute of limitations, which had expired on July 14, 2004.

¶14.    Following a hearing on November 14, 2005, the circuit court entered an order of dismissal and final judgment dismissing Crawford's 2003 complaint and amended complaint with prejudice.  In a separate order, the circuit court also struck Crawford's Motion to Consolidate[16] and Motion for Enlargement of Time to Serve Complaint.

*The 2005 Complaint*

---

[13]   Title 28, United States Code, Section 1446(d) states that:

Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and *the State court shall proceed no further unless and until the case is remanded*.

28 U.S.C. § 1446(d) (emphasis added).

[14]   After filing the amended complaint, Crawford sought simultaneously to serve his 2003 state court complaint along with the amended complaint.

[15]   Rule 4(h) of the Mississippi Rules of Civil Procedure require that a summons and complaint be served within 120 days after the filing of the complaint.  Miss. R. Civ. P. 4(h). The 2003 state-court complaint was filed on December 10, 2003, but summons was not issued on Morris Transportation and Jordan until July 25, 2005, and on Custom Sign until July 18, 2005.

[16]   Crawford filed a motion to consolidate his 2003 complaint and/or amended complaint with his 2005 complaint, discussed *infra*.

8

¶15.    On July 14, 2005, Crawford filed an additional complaint in the circuit court which was styled and numbered as a separate cause of action (hereinafter the "2005 complaint"). Crawford filed this separate complaint "out of an abundance of caution" in case a new complaint became necessary to invoke the protections of the one-year savings statute of Mississippi Code Annotated Section 15-1-69 (Rev. 2003).

¶16.    The Defendants sought dismissal or, alternatively, summary judgment on grounds that the three-year statute of limitations had expired.[17]  More specifically, Morris Transportation and Jordan argued that Section 15-1-69 applies only to an "action" which is avoided or defeated for "any matter of form."  Miss. Code Ann. § 15-1-69 (Rev. 2003).  Because the federal court had dismissed only a discovery device and not an "action," the provisions of Section 15-1-69 should not apply.

¶17.    Following a hearing on November 14, 2005, the circuit court entered an order of dismissal and final judgment dismissing Crawford's 2005 complaint with prejudice.

¶18.    Crawford now appeals the circuit court's dismissals of the 2003 and 2005 complaints, as well as all orders in favor of the Defendants.[18]

## STANDARD OF REVIEW

---

[17]  Morris Transportation and Jordan filed their motion to dismiss Crawford's 2005 complaint on August 18, 2005.  Custom Sign filed a motion to dismiss, alternatively, a motion for summary judgment on August 19, 2005.

[18]  While not raised as a specific assignment of error, the briefs of both parties address the issue of judicial estoppel.  Because we find that the circuit court erred in dismissing the 2005 complaint, we do not address judicial estoppel.

¶19. Jurisdictional and statute-of-limitation issues are subject to a de novo review. ***Rayner v. Raytheon Co.***, 858 So. 2d 132, 133 (Miss. 2003) (citing ***Sorrells v. R & R Custom Coach Works, Inc.***, 636 So. 2d 668, 670 (Miss. 1994)); ***Stephens v. Equitable Life Assurance Soc'y of the United States***, 850 So. 2d 78, 82 (Miss. 2003) (quoting ***ABC Mfg. Corp. v. Doyle***, 749 So. 2d 43, 45 (Miss. 1999)).

## DISCUSSION

**I.      Whether the circuit court erred in dismissing Crawford's 2003 complaint.**

¶20. Crawford asserts that he filed the 2003 complaint with the permission of the federal court. He maintains that he moved the federal court to allow him to file a complaint in state court and that the federal court granted him such leave. He was, however, not granted leave to serve process, and therefore, had no choice but to proceed as if the federal court would be the forum in which the case would be tried.

¶21. While we find nothing in the record to support that Crawford had permission to file the 2003 complaint,[19] the complaint is null regardless. Title 28 of the United States Code,

---

[19] In granting Crawford's motion for leave, the federal court stated that the complaint, as attached to the motion, "is hereby deemed filed; counsel for plaintiff shall, within five days submit to the clerk's office for filing a signed original of this document for substitution for the unsigned copy." No reference was made authorizing any state-court filing. An unsigned copy of Crawford's complaint was stamped "filed" by the federal court's clerk on November 13, 2003, with an attached note which read "Plaintiff's attorney to submit signed amended complaint within 5 days." A signed complaint was stamped "received" by the federal court on November 24, 2003. This complaint was signed by Crawford's counsel on November 20, 2003—the fifth day, excluding Saturday and Sunday, from the federal court's November 13, 2003, order. Crawford's 2003 state-court complaint, on the other hand, was not filed until December 10, 2003.

Section 1446(d), provides that after filing a notice of removal, "the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and *the State court shall proceed no further unless and until the case is remanded*." 28 U.S.C. §1446(d) (emphasis added). Any action taken in state court following a written notice of removal, but before remand, is of no force or effect. *Rayner*, 858 So. 2d at 133-34 (quoting *Miss. Power Co. v. Luter*, 336 So. 2d 753, 755 (Miss. 1976)). Accordingly, the 2003 complaint was a nullity because the matter was never remanded.

¶22. Because we find that the 2003 complaint was properly dismissed, we do not address the issues regarding service of process.

## II. Whether the circuit court erred in dismissing Crawford's 2005 complaint.

### A. Priority jurisdiction.

¶23. Crawford first argues that the federal court exercised priority jurisdiction over the matter until it was dismissed on August 27, 2004. He submits that the 2003 complaint created a second cause of action which abated the federal court complaint he had filed one month earlier. Under Mississippi Code Annotated Section 15-1-69 (Rev. 2003), the 2005 complaint was properly brought within one year of the federal or "priority court's" dismissal.

¶24. The Defendants counter that priority jurisdiction is inapplicable, because Crawford's federal complaint and his 2003 complaint were not separate causes of action. Crawford filed the 2003 complaint under the same cause number that had been assigned to his initial petition to perpetuate testimony.

¶25.    "The principal of priority jurisdiction is that where two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit." ***Huffman v. Griffin***, 337 So. 2d 715, 719 (Miss. 1976) (citing ***Lee v. Lee***, 232 So. 2d 370, 373 (Miss. 1970)).  For priority jurisdiction to apply, the second action "should be between the same parties, seeking on the one hand, and opposing on the other, the same remedy, and should relate to the same questions." ***Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.***, 804 So. 2d 1000, 1006 (Miss. 2001) (quoting ***In re Petition of Beggiani***, 519 So. 2d 1208, 1210 (Miss. 1988)).   As a general rule, the principle of priority jurisdiction does not apply where like suits are pending in both state and federal courts.  ***Streckfus Steamers, Inc. v. Kiersky***, 174 Miss. 125, 140-41, 163 So. 830, 835 (1935). Because federal and state courts are separate jurisdictional sovereigns, "the pendency of an action in a federal court is not ground for abatement of a like suit in a state court." ***Id***. at 141; 1 Am Jur. 2d *Abatement, Survival, and Revival* §19 (2005).

¶26.    We find the principle of priority jurisdiction inapplicable to this case.  Aside from the fact that this principle generally does not apply to such circumstances, Crawford's federal court complaint and his 2003 complaint were not separate causes of action.  Crawford's Petition to Perpetuate Testimony was assigned cause number 14-CI-03-0017 in the circuit court.  After cause number 14-CI-03-0017 had been removed to federal court, Crawford filed the 2003 complaint in circuit court under this same cause number.  Thus, no "second, independent action" was brought while the federal court complaint was pending. ***Lee v. Lee***,

12

232 So. 2d 370, 373 (Miss. 1970) (quoting 1 Am. Jur. 2d *Abatement, Survival, and Revival*

§ 5 (1962)).

### B.    Mississippi Code Annotated Section 15-1-69 (Rev. 2003).

¶27.    Crawford argues that Mississippi Code Annotated Section 15-1-69 (Rev. 2003)

allowed him to re-file suit within one year after the federal court's dismissal.[20] The "savings

statute" of Section 15-1-69 states, in pertinent part, that:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or *for any matter of form*, . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, . . . .

Miss. Code Ann. § 15-1-69 (Rev. 2003) (emphasis added).

¶28.    Crawford maintains that his suit meets all the requirements for application of the

savings statute: (1) his federal court complaint was "duly commenced" within the three-year

statute of limitations; (2) he exercised good faith in filing his complaint in federal court; (3)

the suit was dismissed as a matter of form without an adjudication on the merits; and (4) he

filed the 2005 complaint within one year after dismissal of the federal suit.

¶29.    Even though the federal court ultimately dismissed the matter, Crawford's federal

court complaint was nevertheless "duly commenced" as defined under Section 15-1-69.

Miss. Code Ann. § 15-1-69 (Rev. 2003); *see **Hawkins v. Scottish Union & Nat'l Ins. Co.***,

---

[20] Crawford asserts that Mississippi Code Annotate Section 15-1-69 (Rev. 2003) extended the statute of limitations until September 27, 2005. However, the federal court dismissed the case on August 27, 2004, and no post-trial motions or appeal were taken. Accordingly, Section 15-1-69 would extend the time for filing only to August 27, 2005.

110 Miss. 23, 29, 69 So. 710, 712 (1915) ("duly commenced" does not require that the action be commenced in a court having subject matter jurisdiction). Crawford also exercised good faith in filing the federal-court complaint. He involuntarily found himself in federal court and sought some way to get a complaint on the record. Additionally, Crawford filed the 2005 complaint on July 14, 2005, within one year of the federal court's dismissal of the "original suit." The dispositive issue then becomes whether the matter was dismissed as a "matter of form." Miss. Code Ann. § 15-1-69 (Rev. 2003).

¶30.    This Court and the Mississippi Court of Appeals have held that voluntary dismissals are not dismissals as a "matter of form," and therefore, are not afforded the protections of the savings statute. *See* ***W. T. Raleigh Co. v. Barnes***, 143 Miss. 597, 601, 109 So. 8, 9 (1926) (counsel agreed to voluntary nonsuit); ***Marshall v. Kan. City S. Rys. Co.***, 2007 Miss. App. LEXIS 752, 9-13 (Miss. Ct. App. November 6, 2007) (savings statute did not apply to a voluntary dismissal without prejudice under Rule 41(a)(2) of the Mississippi Rules of Civil Procedure). On the other hand, dismissals for lack of subject matter jurisdiction are considered dismissals as a "matter of form." ***Frederick Smith Enter. Co. v. Lucas***, 36 So. 2d 812, 814 (Miss. 1948) (citing ***Hawkins***, 110 Miss. 23).

¶31.    In its order of dismissal, the federal court stated that "the motion to *voluntarily dismiss* without prejudice should be granted." The federal court found that the petition to perpetuate testimony was not removable because no "civil action"[21] existed due to the absence of a

---

[21]  28 U.S.C. § 1441 authorizes the removal of "civil actions." A "civil action" is commenced with the filing of a complaint under both the Mississippi and Federal Rules of

14

complaint in state court. Finding removal premature, the federal court declared "all events occurring on this cases's (sic) docket are moot." Thus, the action was dismissed without prejudice and ordered closed.

¶32. Crawford submits that his motion to dismiss cannot be construed as an attempt to voluntarily dismiss his federal court complaint. The only pleading before the federal court at the time Crawford filed his motion to dismiss was the petition to perpetuate testimony.[22] Therefore, Crawford asserts that the motion to dismiss applied only to his petition to perpetuate testimony, and not to the subsequent federal court complaint. Furthermore, Crawford characterizes the federal court's dismissal as being based upon a lack of jurisdiction. Specifically, he contends that the federal court determined that it lacked jurisdiction because removal had been premature and because the added presence of Custom Sign, as a non-diverse defendant, destroyed complete diversity.[23]

¶33. Defendants counter that the matter was dismissed pursuant to Crawford's voluntary motion to dismiss, which does not constitute a dismissal as a "matter of form." The order granting dismissal expressly granted Crawford's "motion to voluntarily dismiss," in which Crawford had requested dismissal of the entire "action." "Action" encompasses all formal proceedings, including the complaint. According to Defendants, Crawford's remedy was to

Civil Procedure. 28 U.S.C. § 1441; Fed. R. Civ. P. 3; Miss. R. Civ. P. 3.

[22] Crawford filed his motion to dismiss without prejudice, alternatively to remand, on September 5, 2003. He did not file the federal court complaint until November 13, 2003.

[23] The lack of complete diversity is not referenced in the federal court's order granting dismissal.

have either (1) withdrawn the motion to dismiss and sought remand after he had filed the federal court complaint, or (2) requested modification that the order granting dismissal not extend to his federal court complaint. Having failed to pursue either remedy, Crawford is now barred from contesting the issue.

¶34. Defendants further point out that if dismissal had hinged upon a lack of subject matter jurisdiction, the federal court would have been *required* to remand. Section 1447 states that "[i]f . . . it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447 (emphasis added). The federal court instead chose to dismiss rather than remand the action.

¶35. As previously noted, the general rule is that a party who files a voluntary motion for dismissal may not subsequently invoke the protections of the savings statute. *Barnes*, 143 Miss. at 601; *Marshall*, 2007 Miss. App. LEXIS at 9-13; *Gray v. Mariner Health Cent., Inc.*, 2006 U.S. Dist. LEXIS 65725 at 4-5 (N. Dist. Miss. Sept. 12, 2006); *see also Smith v. Copiah County*, 100 So. 2d 614, 615-16 (Miss. 1958). But we look to the content or substance of a pleading over its form. *Am. Bankers Ins. Co. v. Booth*, 830 So. 2d 1205, 1214 (Miss. 2002) (quoting *Arnona v. Smith*, 749 So. 2d 63, 66 (Miss. 1999)).

¶36. Crawford's motion to dismiss explained that no complaint had been filed in the matter. Accordingly, he moved "to dismiss this action without prejudice in order that [he could] file his action in a proper Mississippi Court," and alternatively requested that the action be remanded.

16

¶37. At no point did Crawford evince an intent to abandon his claim. It appears that Crawford even tried to frame his motion as being involuntary and based upon one of the defenses enumerated under Rule 12(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b). He moved for dismissal pursuant to Rule 12(b) and Rule 41(b) of the Federal Rules of Civil Procedure. Fed. R. Civ.P. 12(b), 41(b). However, Rule 12(b) was inapplicable because Crawford was not asserting a defense to a claim for relief, but attempting to defeat premature removal. *See* Fed. R. Civ. P. 12(b). Additionally, he failed to specify which of the seven available 12(b) defenses he was asserting.[24] Rule 41(b) also was inapplicable to Crawford because that rule is available only to defendants where the plaintiff failed to prosecute or comply with the rules or court order. Fed. R. Civ. P. 41(b). While his invocation of Rule 12(b) and 41(b) was of no effect, it sheds some light upon Crawford's intent.[25]

---

[24] Presumably, Crawford was invoking a Rule 12(b)(1) defense for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b).

[25] Crawford's motion to dismiss is best characterized as being brought pursuant to Rule 41(a)(2). Rule 41(a)(2) provides: ". . . an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

The decision of whether to grant a Rule 41(a)(2) motion to dismiss requires weighing any potential prejudice to the defendant. *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs.*, 903 F.2d 352, 360 (5th Cir. 1990) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364 (1971 & Supp. 1990)). Yet there is no indication of any such consideration in the federal court's dismissal.

¶38.    Crawford's intent to continue to pursuit his claim also is apparent in his motion for leave to file his complaint.  In that motion, Crawford requested that he be allowed leave to file his complaint in the state court and to have the state court forward a copy of the complaint to the federal court for inclusion in the removed action.  Thus, he sought to remedy the procedural conundrum and protect his claim.

¶39.    Aside from a lack of intent to abandon his claim, Crawford based his motion to dismiss on the absence of a complaint.  He sought dismissal, and alternatively remand, on the basis that a petition to perpetuate testimony—alone, without any complaint on record—did not constitute a civil action, and therefore, was not removable.[26]

¶40.    A complaint goes to the heart of whether a civil action exists.  *See* Fed. R. Civ. P. 3 ("[a] civil action is commenced by filing a complaint with the court"); *e.g.*, ***Nat'l Union Fire Ins. Co. v. Willis***, 296 F.3d 336, 341-42 (5th Cir. 2002) (citations omitted) (a complaint

---

[26] We note that whether a petition to perpetuate testimony constitutes a removable action is not clear.  *See **Davidson v. Southern Farm Bureau Cas. Ins. Co.***, 2006 U.S. Dist. LEXIS 40654, 5-6 (S.D. Tex. June 19, 2006) (citing ***Texas v. Real Parties in Interest***, 259 F.3d 387, 395 n.14 (5th Cir. 2001)) (the Fifth Circuit has not addressed whether a petition for discovery under Texas law constitutes a "civil action" for removal purposes); ***In re The State of Texas***, 110 F. Supp. 2d 514, 522-23 (E.D. Tex. 2000), *reversed on other grounds* (a petition to take a pre-suit deposition deemed a civil action); ***Malave v. Costco Wholesale Corp.***, 2002 U.S. Dist. LEXIS 16879 3-5 (S.D. N.Y. September 5, 2002) (pre-complaint discovery is removable); *but see **Shotlander v. Allstate Ins. Co.***, 2007 U.S. Dist. LEXIS 37758 (S.D. Miss. May 21, 2007) (complaint for discovery is not a removable action); ***Mayfield-George v. Tex. Rehab. Comm'n***, 197 F.R.D. 280, 282-83 (N.D. Tex. Nov. 6, 2000); ***In re Hinote***, 179 F.R.D. 335, 336 (S.D. Ala. 1998) (pre-trial discovery petition not removable).

commences a civil proceeding). Its absence relates directly to a court's exercise of jurisdiction.

¶41. Because the absence of a complaint is a jurisdictional issue, we construe Crawford's motion to dismiss as being based upon the federal court's lack of subject matter jurisdiction. *See* ***Weichman v. Northeast Inns of Meridian, Inc.***, 125 F.R.D. 139, 141 (S.D. Miss. 1989) ("[A]lthough plaintiff in her motion purports to seek dismissal pursuant to Rule 41(a)(2), that is, a voluntary dismissal, the basis for that motion is a lack of subject matter jurisdiction. . . ."). We further find that the federal court based its dismissal on lack of jurisdiction. The federal court's order stated that no "civil action" yet existed. The federal court implied that the absence of a pre-removal complaint had deprived it of jurisdiction. *Cf.* ***Stewart v. U.S. Immigration & Naturalization Serv.***, 762 F.2d 193, 198-99 (2d Cir. 1985) (Preliminary injunctive relief can be obtained only after an action has commenced. The district court "lacked jurisdiction" over the plaintiff's motion for preliminary injunctive relief because the plaintiff had not filed a complaint.); ***In re Warrant Authorizing Interception of Oral Commc'ns, etc.***, 673 F.2d 5, 6-7 (1st Cir. 1982) (A court has authority to issue injunctions based on its inherent authority to provide appropriate remedies in actions over which it has jurisdiction. Because no complaint had been filed, "the court did not have jurisdiction over any ordinary civil action.").

¶42. The Defendants, nevertheless, submit that if the federal court had dismissed the matter for lack of jurisdiction, remand would have been required under Section 1447(c), which states that "[i]f . . . it appears that the district court lacks subject matter jurisdiction, the case

19

*shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). This point is well taken. In fact, the U.S. Supreme Court has noted that the literal words of 1447(c) provide no discretion to dismiss rather than remand. *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S. Ct. 1700, 1710, 114 L. Ed. 2d 134 (1991) (quoting *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dept. of Human Servs*, 876 F.2d 1051, 1054 (1st Cir. 1989)). But whether the federal court dismissed or remanded is not dispositive for our purposes. We are concerned only with the basis of Crawford's motion to dismiss, and the federal court's apparent basis for granting such motion—both of which implicate a lack of jurisdiction.[27]

¶43. This Court has framed the "true meaning" of the savings statute as follows: "Where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute shall not prevent him from doing so, provided he follows it promptly, by suit within a year." *Hawkins*, 110 Miss. at 30 (quoting *Coffin v. Cottle*, 33 Mass. (16 Pick.) 383, 386, 1835 Mass. LEXIS 19 (1835)).

---

[27] Even if Crawford had sought remand, it is not clear that this course of action would have cured the statute of limitations problems in this case. In its order granting dismissal, the federal court declared that "all events occurring on this case's docket are moot," which included Crawford's federal court complaint. When a remand to a state court is based on lack of jurisdiction, it is for the state court to determine what effect, if any, will be given to the federal court pleadings. *Ayres v. Wiswall*, 112 U.S. 187, 28 L. Ed. 693, 5 S. Ct. 90 (1884). We find no authority under Mississippi law as to what effect Crawford's federal court complaint would have been given in the state court following remand. The modern trend is to give effect to pleadings filed in federal court upon remand. *Laguna Vill. v. Laborers' Int'l Union of N. Am.*, 35 Cal. 3d 174, 180, 672 P.2d 882, 885 (1983) (citing *e.g.*, *Shelton v. Bowman Transp., Inc.*, 230 S.E.2d 762, 764 (Ga. Ct. App. 1976); *Armentor v. General Motors Corp.*, 399 So. 2d 811, 812 (La. Ct. App. 1981)).

The statute is highly remedial and should be liberally construed to accomplish its purpose. *Id*. at 29 (quoting *Tompkins v. Pacific Ins. Co.*, 53 W. Va. 479, 484, 44 S.E. 439, 441 (Miss. 1903)). Good faith in the institution of the dismissed action is one consideration for invoking the statute. *Hawkins*, 110 Miss. 29.

¶44.    While the savings statute did not apply to a voluntary dismissal in *Barnes*, we noted that nothing in the record showed that dismissal had been a "mere abatement" of the action or that the dismissal was for any matter of form. *Barnes*, 143 Miss. at 600. This Court only had before it that "in an agreement of counsel, the dismissal [was] referred to as a nonsuit." *Id*. Unlike *Barnes*, the record in this case supports that dismissal was based upon a "matter of form" not affecting the merits—namely, a lack of jurisdiction due to the absence of a complaint. Crawford inadvertently found himself in a procedural quagmire and made a good-faith effort to preserve his claim.

¶45.    We find that application of the savings statue to Crawford's 2005 complaint is appropriate and consistent with the purposes of the statute. Crawford filed his 2005 complaint on July 14, 2005, within one year of the federal court's dismissal. As a result, we find that the circuit court erred in dismissing the 2005 complaint. Because the application of the savings statute is dispositive, we do not address Crawford's remaining arguments.

## CONCLUSION

¶46.    Because Crawford's 2003 complaint was of no effect, we affirm the circuit court's dismissal of that complaint. However, we find that the one-year savings provision of Mississippi Code Annotated Section 15-1-69 (Rev. 2003) applies to Crawford's 2005

21

complaint, so that the complaint was timely filed.  Therefore, we reverse the circuit court's

dismissal of the 2005 complaint and remand this case for further proceedings.

¶47.    **AS TO CASE NO. 2006-CA-00185-SCT: AFFIRMED.  AS TO CASE NO. 2007-CA-00322-SCT: REVERSED AND REMANDED.**

     **DIAZ, P.J., EASLEY, CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.  GRAVES, J., CONCURS IN RESULT ONLY.  SMITH, C.J., NOT PARTICIPATING.**