DICKINSON, Justice,
Specially Concurring:
¶ 18. I concur with the majority opinion. The majority correctly concludes that the Sauvages’ previously filed wrongful-death suit in Louisiana requires dismissal of the suit in Mississippi. Our wrongful-death statute provides that “there shall be but one (1) suit for the same death.... ” Miss.Code Ann. § 11-7-13 (Rev.2004). See Long v. McKinney, 897 So.2d 160, 171-73 (Miss.2004). The fact that the plaintiffs brought the two suits in different states is of no moment.
¶ 19. I write separately to provide a salve to assuage the dissent’s concern *596 that — because the plaintiffs may “be unable to recover punitive damages in Louisiana-adequate relief[4] may not be obtainable by them in that state’s courts.In Mississippi, punitive damages are not considered “relief’ to which a plaintiff is entitled. In fact, our trial courts consistently inform juries that
punitive damages are added damages awarded for the social value in bringing a wrongful party to account for his/her/ its actions and to discourage others from acting in a similar manner. Such damages are not awarded as a matter of right and are not based on the idea of benefitting an injured party, but are instead founded on the premise of punishing the wrongdoer. The paramount purpose in awarding punitive damages is to punish the wrongdoer and deter similar misconduct in the future by the defendant and others, while the purpose of compensatory damages is to make the plaintiff whole.
Miss. Model Jury Instr. Civil § 11:15 (2009-10). Furthermore, the Mississippi Code provides:
The trier of fact shall be instructed that the primary purpose of punitive damages is to punish the wrongdoer and deter similar misconduct in the future by the defendant and others while the purpose of compensatory damages is to make the plaintiff whole.
Miss.Code Ann. § 11-1-65(1)(e)(Rev.2002).
¶ 20. Thus, the absence of punitive damages in Louisiana may facilitate defendants’ escape from civil punishment, but it in no way deprives plaintiffs of a remedy to which they are entitled. If it did, one would wonder why the plaintiffs chose to file suit there in the first place.
CHANDLER, J., JOINS THIS OPINION.

. See generally Abiaca Drainage Dist. of Leflore, Holmes & Carroll Counties v. Albert Theis & Sons, Inc., 185 Miss. 110, 187 So. 200, 201 (1939).