KITCHENS, Justice,
Dissenting:
¶ 21. I do not agree with the reasoning or the conclusion of the majority opinion, which holds that a wrongful death complaint filed in a court of competent jurisdiction in this state must be dismissed if a similar action is pending in a sister state, a holding that is at odds with this Court’s prior interpretation and application of priority jurisdiction.
¶ 22. Each of the cases relied upon by the majority stands for the proposition that the first suit filed takes priority over any other case based on the same cause of action that is filed in the same jurisdiction. See, e.g. Abiaca Drainage Dist. of Leflore, Holmes & Carroll Counties v. Albert Theis & Sons, Inc., 185 Miss. 110, 187 So. 200 (1939); Long v. McKinney, 897 So.2d 160 (Miss.2004); Smith v. Holmes, 921 So.2d 283 (Miss.2005). However, the majority has failed to cite authority in support of its conclusion that priority jurisdiction operates to terminate a Mississippi case which was filed subsequent to a similar or related action in another state that involves the same litigants.
¶ 23. Other problems with the majority opinion’s reasoning are manifest. First, the rule articulated in Abiaca Drainage—that “the pendency of a prior suit between the same litigants and involving the same subject matter constitutes a bar unless adequate relief is not obtainable in the prior suit” — does not support the majority’s logic, because, in the case at bar, it has not been- — and, at this point, cannot be— determined whether “adequate relief is obtainable [in the Louisiana action].” Abiaca Drainage, 187 So. at 201. Given the potential that the plaintiffs will be unable to *597 recover punitive damages in Louisiana, “adequate relief’ may not be obtainable by them in that state’s courts, depending, of course, on the proof that ultimately is adduced.[5] Id. The plaintiffs have sued for punitive damages in their Mississippi action. To be sure, they are a very long way from collecting punitive damages; nevertheless, Mississippi’s law affords them a far better opportunity of doing so than does Louisiana’s, whose law makes that possibility exceedingly remote.[6]
¶ 24. Second, the rule in Abiaca Drainage applies only to actions involving “the same litigants and involving the same subject matter.” Id. Here, this Court is unable to determine who the parties in the Louisiana action will be at trial, because there is no indication in the record that the Louisiana court has decided whether to certify the case filed there as a class action, which, from the limited information before us, appears to be the main thrust of the Louisiana ease. Of course, this constitutes a major difference in the two cases: class actions are permitted in the state courts of Louisiana, but are nonexistent in Mississippi’s state courts. Thus, the parties who filed the Louisiana case eventually could become class members there, along with a multitude of other people, and not individual plaintiffs, as they will always be in the Mississippi case. It also is possible that the Louisiana court could certify a class that excludes the Sauvage plaintiffs. However, as it stands, the question of whether the parties at a Mississippi trial and the parties at a Louisiana trial will be the same is an unanswered question that must be answered before any court can determine whether the “same litigants” element is present. Id.
¶ 25. The majority cites but one case pertaining to priority jurisdiction in the interstate setting, Brown v. Brown, 493 So.2d 961, 963 (Miss.1986), and concludes that because “Brown involved competing divorce proceedings, not competing wrongful-death suits,” Brown is distinguishable and does not govern this case. Maj. Op. at ¶ 15. With respect, this logic is beyond my comprehension; I am unable to fathom any reason why it is valid. The holding in Brown — “... another action regarding the same subject matter pending in the courts of a sister state poses no jurisdictional obstacle to a court of this state of otherwise competent jurisdiction hearing and adjudging the matter in controversy ... ” — provides the only on-point precedent in Mississippi jurisprudence, and, thus, should be followed. Id. at 963 (citing *598 Kline v. Burke Constr. Co., 260 U.S. 226, 232, 43 S.Ct. 79, 81, 67 L.Ed. 226, 231 (1922); Cuevas v. Cuevas, 191 So.2d 843, 847-48 (Miss.1966); Cox v. Cox, 234 Miss. 885, 108 So.2d 422, 424 (1959); Ex Parte Buck, 291 Ala. 689, 691, 287 So.2d 441 (1973); Streckfus Steamers, Inc. v. Kiersky, 174 Miss. 125, 163 So. 830, 835 (1935)).
¶ 26. In Crawford v. Morris Transportation, Inc., 990 So.2d 162 (Miss.2008), this Court noted,
For priority jurisdiction to apply, the second action “should be between the same parties, seeking on the one hand, and opposing on the other, the same remedy, and should relate to the same questions.” As a general rule, the principle of priority jurisdiction does not apply where like suits are pending in both state and federal courts. Because federal and state courts are separate jurisdictional sovereigns, “the pendency of an action in a federal court is no ground for abatement of a like suit in a state court.”
Id. at 169 (internal citation omitted). In Crawford, a self-proclaimed “procedural quagmire” of a case, this Court held that, because the respective actions pending in the federal district court for the Northern District of Mississippi and the Circuit Court of Coahoma County “were not separate causes of actions,” the principle of priority jurisdiction was inapplicable. Id. at 174. Thus, Crawford is distinguishable from the case at hand. Yet, if a federal court and a state court in the same state are not precluded by priority jurisdiction from going forward independently, it logically follows that priority jurisdiction should not bar a Mississippi trial of this case merely because a similar (though certainly not identical) action is pending in a sister state. Id. at 169.
¶ 27. Moreover, Mississippi is not alone in this interpretation of priority jurisdiction. The Ohio Court of Appeals, Second District, Miami County, has observed,
The fact that an action is pending in another state does not constitute a defense to an action between the same parties over the same cause of action in Ohio. An Ohio court’s options, in this situation, are to grant a stay pending the resolution of the earlier action outside Ohio, or to maintain the action in the state. In other words, dismissal is not an option at this stage of the proceedings.
Commercial Union Ins. Co. v. Wheeling Pittsburgh Corp., 106 Ohio App.3d 477, 666 N.E.2d 571 (1995); See also, Buck, 291 Ala. at 691, 287 So.2d 441. The Restatement of Conflicts also speaks to the general acceptance of this rule among jurisdictions. “A state may entertain an action even though an action on the same claim is pending in another state.” Restatement (Second) of Conflicts § 86 (1971). “While the pendency of a foreign action is not a bar to the maintenance of an action in the state of the forum, it may induce the court to grant a stay of the latter action.” Id. (Emphasis added.) This rule applies “whether the two actions are both instituted in State courts or in federal courts or one in a State court and the other in a federal court,” and the rule “does not result in the imposition of double liability on the defendant, since the judgment first handed down effectively bars further prosecution of the second action,” whether through comity or full faith and credit. Id.
¶ 28. The foregoing authorities make it clear that the doctrine of priority jurisdiction does not preclude a Mississippi court’s proceeding with this matter, as Louisiana and Mississippi are “separate jurisdictional sovereigns.” Crawford, 990 So.2d at 169; Brown, 493 So.2d at 963. Moreover, it is evident that there are fundamental differences in the two cases.
*599 ¶ 29. As for the argument that the “but one (1) suit” language in the first paragraph of our wrongful death statute deprives Mississippi’s courts of their right to proceed with a traditional wrongful death case when a class action involving the same parties and facts is pending in the courts of a separate jurisdictional sovereign, be it a U.S. state or a foreign country, this ignores other pertinent language in the same statute, as well as the obvious purpose of the “one (1) suit” limitation. Clearly, that language is intended to prevent multiple wrongful death beneficiaries from filing separate suits in Mississippi courts — the only courts over which we can exercise control — for the same decedent’s alleged wrongful death.
¶ 30. During most of Mississippi’s legal history, plaintiffs could file civil actions in the county of their residence. Thus, if a wrongful death claim occurred or accrued, in whole or in part, anywhere in Mississippi, a Mississippi resident with standing to pursue a wrongful death claim in such case could file suit in the county of his or her residence, without regard to whether the cause of action occurred or accrued in that same county, or elsewhere in the state. So, if multiple siblings, living in various Mississippi counties, wished to file separate wrongful death actions for the alleged wrongful death of their mother or father in each of the siblings’ respective counties of residence, as well as in a county where an alleged tortfeasor resided, and also in the county where the cause of action occurred or accrued, they could have done so, but for the “but one (1) suit” restriction.
¶ 31. However, if one or more of those prospective beneficiaries filed his or her suit in another sovereign jurisdiction, our wrongful death statute did not, and still does not, prohibit his filing and prosecuting an identical cause of action in Mississippi, in light of all the authorities cited above.
¶ 32. The “but one (1) suit” language clearly applies to Mississippi’s legitimate and practical interest in providing for the filing of “but one (1) suit” here, not in places where we have no say-so, such as Louisiana, China, and other sovereign jurisdictions.
¶ 33. The “but one (1) suit” measure in our statute continues that the suit “... shall ensue for the benefit of all parties concerned ...,” and is not a restriction on the number of suits that can be pursued in other sovereign jurisdictions, especially when such other suits seek different relief than the related or similar Mississippi wrongful death action, as here, where a class action has been filed in a jurisdiction that allows state-court class actions, which Mississippi does not.
¶ 34. Finally, the same lengthy sentence concludes, “... but the determination of such suit shall not bar another action unless it be decided on its merits.” Miss.Code Ann. § 11-7-13 (Rev.2004). In the circumstances sub judice, the Mississippi and Louisiana cases may coexist; and, if the Louisiana case should be “determined” by dismissal on procedural grounds, or, if it should be dismissed voluntarily by the plaintiffs, or concluded in any other manner short of an adjudication on its merits, it is no bar to the somewhat-similar case that may proceed apace in the Circuit Court of the Second Judicial District of Hinds County, Mississippi. Since there has been no adjudication on the merits of the Louisiana action, Section 11-7-13, when read in full, provides that the Louisiana action does not preclude the case at bar from going forward in a court of this state.
¶ 35. The logic of the majority seemingly would prohibit a case initially filed in a court of this state, and subsequently filed *600 in a court of another state, from going forward in a Mississippi court, relying on the “but one (1) suit” language and disregarding the fact that there is “but one (1) suit” existing within the boundaries of this state. Because I disagree with this interpretation of the wrongful death statute and the majority’s application of this interpretation to the facts before us, I dissent, and would remand this matter to the Circuit Court of the Second Judicial District of Hinds County for trial on the merits.
WALLER, C.J., JOINS THIS OPINION. GRAVES, P.J., JOINS THIS OPINION IN PART.

. Article 3546 of the Civil Code of Louisiana provides,
Punitive damages may not be awarded by a court of this state unless authorized: (1) by the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled: or (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.
La. Civ.Code Ann. art. 3546 (1994).

. While the "salve” offered by my valued friend and colleague, Justice Dickinson, does not go unappreciated, it is nevertheless incomplete in its attempted instruction, as it stops short of mentioning one of the long-established reasons that Mississippi has allowed punitive damages as a deterrent measure: "Punitive damages are punishing damages, and are awarded to the injured party as a reward for his public service in bringing the wrongdoer to account.” Neal v. Newburger Co., 154 Miss. 691, 123 So. 861, 863 (1929); see also Bankers Life and Cas. Co. v. Crenshaw, 483 So.2d 254, 269 (Miss.1985) ("The basis for awarding [punitive] damages is to reward a plaintiff for public service in bringing the wrongdoer to account.”). That said, the writer does understand that punitive damages are not meant to be compensation to a plaintiff.