RANDOLPH, Presiding justice,
dissenting:
¶32. A priority-jurisdiction analysis comes into play only when the same lawsuit (parties and issues replicated) is pending in two separate courts of concurrent jurisdiction at the same time. Compere v. St. Dominic Jackson Mem’l Hosp., 71 So.3d 607, 610 (Miss.2011) (citing McCleave v. McCleave, 491 So.2d 522, 523 (Miss.1986)). The doctrine “presupposes a pending action that the plaintiff can proceed upon and obtain ‘adequate relief.’” Compere, 71 So.3d at 610 (quoting Abiaca Drainage Dist. of Leflore, Holmes, & Car *1006 roll Counties v. Albert Theis & Sons, 185 Miss. 110, 187 So. 200 (1939)). “As a general rule, the principle of priority jurisdiction does not apply where like suits are pending in both state and federal courts. Because federal and state courts are separate jurisdictional sovereigns, ‘the pen-dency of an action in a federal court is not ground for abatement of a like suit in a state court.’ ” Crawford v. Morris Transp., Inc., 990 So.2d 162, 109 (Miss.2008) (quoting Streckfus Steamers, Inc. v. Kiersky, 174 Miss. 125, 163 So. 830, 835 (1935)).
¶ 33, Priority jurisdiction, if properly applied to the case before us, would result in the newly pending Amite County action being transferred to Rankin County, the only state court which had jurisdiction pending at the time of the federal-court remand. Because the majority calls for the Rankin County court’s ruling to be held void and mandates the Rankin County actión be transferred to Amite County based on priority jurisdiction, I respectfully dissent.
¶ 34. Indeed, the Amite County action was filed, but not served, prior to the Rankin County action being filed. However, after the Rankin County action was filed, no effort was made to transfer or dismiss that action based on priority jurisdiction until after the Amite County case was removed to federal court. It is well-established that a party’s failure to timely raise and pursue a “right which would serve to terminate or stay the litigation” results in waiver. MS Credit Ctr., Inc. v. Horton, 926 So.2d 167; 180 (Miss.2006). Braswell failed to advance his argument which could have ended the proceeding in Rankin County, waiving his right as a matter of law. Id.
¶ 35. Once the Amite County action was removed to federal court, only one state-court case was pending in which the parties could proceed and obtain relief-the Rankin County action. At that juncture, no other state court had jurisdiction to proceed. Thus, a priority-jurisdiction analysis 'would have been unwarranted. The plaintiffs in the Amite County action no longer could obtain “adequate relief’ from'the Amite County Circuit Court, as jurisdiction of the Amite 'County action lay solely in the federal court. Before the federal court remanded the case back to state court, jurisdiction lay only in Rankin County, as it was the only pending state-court case. No authority' exists for the Amite County action retaining priority jurisdiction.
¶36. Additionally, the Rankin County Circuit Court’s award of summary judgment cannot be void based upon priority jurisdiction. While the Amite County action was filed first, once the action was removed to federal court, jurisdiction of that court was lost, for the Amite County Circuit Court was powerless to offer any relief. The Rankin County court retained jurisdiction over the Rankin County action and ruled upon a pending motion before it. At the time the summary-judgment motion was ruled upon, only one state court had jurisdiction — Rankin County — therefore, the Rankin County Circuit Court’s ruling should not be declared void.
CHANDLER, J., JOINS THIS OPINION,